■ In the Matter of WILLIAM C. HOTALING, Appellant, v SHANNON M. HOTALING, Respondent. (And Another Related Proceeding.) [671 NYS2d 542] —Mikoll, J. P. Appeal from an order of the Family Court of Saratoga County (James, J.), entered January 24, 1997, which, inter alia, granted respondent's application, in two proceedings pursuant to Family Court Act article 6, for sole custody of the parties' minor children.

The parties were married in 1992 and have two daughters, born in 1994 and 1995. In November 1995, the family was evicted from their trailer home in Saratoga County for nonpayment of rent and moved in with petitioner's mother. Asked to leave that residence after several months, they moved again to a camp owned by respondent's family in the Village of Malone, Franklin County. Several months later, as a result of constant marital discord and arguments concerning what she considered excessive discipline of the children and failure to participate in their care, respondent asked petitioner to leave the residence. She then filed a petition in Franklin County seeking sole custody of the children. Petitioner returned to Saratoga County and filed a cross petition for custody. Respondent's petition was transferred to Saratoga County and a hearing on both petitions was held over a period of five days, culminating in an order awarding sole custody to respondent and visitation to petitioner, from which petitioner appeals.

It is well settled that in custody proceedings between two parents, the governing standard is the best interests of the children and is determined by considering the totality of the circumstances, including the quality and stability of the home environment, the ability of each parent to provide for the children's emotional and intellectual development, the parents' financial status and general fitness, and the length of time the present custody arrangement has been in effect (*see, Eschbach v Eschbach*, 56 NY2d 167; *Matter of Salvati v Salvati*, 221 AD2d 541, *appeal dismissed* 87 NY2d 954, *lv denied* 88 NY2d 803). Naturally, consideration of these factors entails an evaluation of the testimony and character of the parties, and great deference is therefore accorded to Family Court's determination based upon its superior opportunity to hear the witnesses, observe their demeanor, and judge their credibility and sincerity. Thus, we will disturb Family Court's determination only where we find it to be without a sound and substantial basis in the record (*see, Matter of Barndollar v Barndollar*, 234 AD2d 858; *Matter of Nicotera v Nicotera*, 222 AD2d 892; *Matter of Hubbard v Hubbard*, 221 AD2d 807).

Review of the record in this case discloses that the parties offered radically divergent accounts of their own and each other's parenting abilities, past performance and over-all fitness as a custodial parent. Resolution of this conflicting testimony required Family Court to make a series of credibility assessments to which we accord substantial deference for the reasons previously stated. Moreover, the record affords ample support for the court's determination. Petitioner had a consistently

poor, erratic employment history, having lost approximately 12 jobs in a seven-year period. He demonstrated no ability to provide for the needs of the children without the assistance of his family. Based upon testimony adduced as well as petitioner's demeanor during the hearing, the court found him to be incapable of controlling his emotions and temper. In contrast, respondent had consistently been the children's primary caregiver, evincing adequate parenting abilities and sensitivity to the needs of her children. Further, she has taken affirmative steps to provide them with a more stable, nurturing home subsequent to the parties' separation.

We are likewise reluctant to disturb Family Court's determination concerning the frequency and duration of the visitation between the children and petitioner, as it appears that the court carefully considered and weighed competing considerations, including the necessity of a rigorous three-hour journey between the parents' homes.

Cardona, P. J., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.