■ NAUREEN TANVIR, Respondent, v SHEIKH TANVIR, Appellant. [791 NYS2d 841]—In an action for divorce and ancillary relief, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Shapiro, J.), entered June 11, 2003, as granted those branches of plaintiff's oral application which were to dismiss the defendant's first and third counterclaims.

Ordered that on the court's own motion, the defendant's notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order is modified, on the facts, by deleting the provision thereof dismissing the defendant's first counterclaim; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for a hearing before a referee on the issues raised by the defendant's first counterclaim for equitable distribution as limited by the parties' previous acknowledgments to the Supreme Court that the only assets in dispute are the plaintiff's medical degree and license to practice medicine.

In this divorce action, the defendant sought equitable distri-

bution and modification of an order of the Family Court, Westchester County, entered October 28, 1999, which, inter alia, awarded the plaintiff custody of the parties' three children and granted the defendant supervised visitation with the two younger children. The defendant's request for equitable distribution was denominated as the first counterclaim in his amended answer and his request for custody and visitation was denominated as the third counterclaim therein.

The determination of the Supreme Court dismissing the defendant's first counterclaim insofar as it sought equitable distribution of the limited assets in dispute (i.e., the plaintiff's medical degree and license to practice medicine), which was based on its interpretation of a prior decision of the same court dated July 26, 2002, was error. Accordingly, the order must be modified to delete the provision dismissing the defendant's first counterclaim, and the matter must be remitted to the Supreme Court, Westchester County, for a hearing before a referee on the issues raised by the defendant's first counterclaim for equitable distribution as limited by the parties' previous acknowledgments to the Supreme Court that the only assets in dispute are the plaintiff's medical degree and license to practice medicine. We note that the parties previously consented to the determination of issues relating to spousal maintenance and an attorney's fee by a referee.

The determination of the Supreme Court dismissing the third counterclaim seeking a modification of the Family Court's 1999 order insofar as it pertained to custody and visitation was correct, as this claim was completely unsupported by any allegations that a change of circumstances occurred, which was required to warrant a hearing (*see Matter of Simmons v Budney*, 5 AD3d 389, 390 [2004]; *Matter of Bryant-Bosshold v Bosshold*, 273 AD2d 717, 718 [2000], citing *David W. v Julia W.*, 158 AD2d 1, 6-7 [1990]). Cozier, J.P., Ritter, Luciano and Lifson, JJ., concur.