In the Matter of Nikki O., Appellant, v William N., Respondent. (And Two Other Related Proceedings.) [884 NYS2d 783]—

Rose, J. Appeal from an order of the Family Court of Schoharie County (Bartlett III, J.), entered March 4, 2008, which dismissed petitioner's applications, in three proceedings pursuant to Family Ct Act article 6, to, among other things, modify a prior order of custody.

Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of a son born in 2001. By an order modifying custody and visitation entered September 26, 2006, the parties agreed to continue to share joint legal custody and the child's primary residence was awarded to the father. In 2007, the mother filed three petitions. Although one is styled as a violation petition, all three seek only the relief of modification of the 2006 order. They allege that the father changed the child's physician without advising her and removed her name as a contact person with the child's healthcare providers, and that the child reported to a school counselor and a child protective services caseworker that his 12-year-old stepbrother had sexually abused him while he was in the father's care. The mother asserted that these events constituted changed circumstances warranting the grant of sole custody to her. The father cross-petitioned for sole custody, alleging, among other things, an

increasing breakdown in communication with the mother. At the fact-finding hearing, the mother testified as to the matters alleged in her petitions. She also relied upon a psychologist's evaluation of the child and the testimony of the child at the *Lincoln* hearing as divulged to the parties by the court. At the close of the mother's direct case and upon the father's motion, Family Court dismissed her petitions on the grounds that she had neither made a prima facie showing of a sufficient change in circumstances nor proven a violation by the father. The mother now appeals.

In determining the father's motion to dismiss, Family Court was required to accept the mother's evidence as true, afford her the benefit of every favorable inference and resolve all credibility questions in her favor (*see Matter of John SS. v Amy SS.*, 61 AD3d 1305, 1306 [2009]; *Matter of David WW. v Laureen QQ.*, 42 AD3d 685, 686 [2007]; *Matter of Le Blanc v Morrison*, 288 AD2d 768, 770 [2001]). Further, "[c]ontinued deterioration in the [parties'] relationship can be a significant change in circumstances justifying a modification to sole custody" (*Matter of Rosario WW. v Ellen WW.*, 309 AD2d 984, 985-986 [2003]; *see Posporelis v Posporelis*, 41 AD3d 986, 989 [2007]; *Matter of Smith v Miller*, 4 AD3d 697, 698 [2004]; *Matter of Harper v Jones*, 292 AD2d 649, 650 [2002]). Here, the record makes it glaringly clear, even at this point in the proceedings, that the parties' continued and pervasive acrimony, chronic litigation and failure to communicate with each other regarding the child have made them unable to share the parental responsibilities of joint custody (*see Matter of Grant v Grant*, 47 AD3d 1027, 1028 [2008]). Thus, if confirmed after a complete hearing, these circumstances would warrant a termination of the prior award of joint custody.

Even more compelling, however, is the evidence that, since the prior order, the child was sexually abused while in the father's care. Through her testimony and a psychologist's evaluation report, the mother presented evidence that the child had consistently reported being sexually abused by his stepbrother. Although Family Court questioned the child's credibility following the *Lincoln* hearing because it suspected that the child had been coached, it did not reject the psychologist's report and made no finding as to whether the abuse had occurred. Family Court, without explanation, divulged the child's testimony to the parties (*see Matter of Hrusovsky v Benjamin*, 274 AD2d 674, 676 [2000]) and failed to resolve all credibility questions regarding the child's allegations in the mother's favor at this point, observing instead that the truth might never be known. In light

of the evidence corroborating the child's allegations of abuse (*see Matter of Loren B. v Heather A.*, 13 AD3d 998, 1000 [2004], *lv denied* 4 NY3d 710 [2005]; *see also Matter of Richard SS.*, 29 AD3d 1118, 1121 [2006]), we find that the mother made a prima facie showing that, due to the possible sexual abuse of the child, primary residence with the father may no longer be in the child's best interests. Under these circumstances, Family Court erred in dismissing the mother's first petition to the extent that it sought sole custody and the second petition alleging sexual abuse without determining the merit of the mother's claims and the best interests of the child.*

Cardona, P.J., Kane, McCarthy and Garry, JJ., concur. Ordered that the order is modified, on the law and the facts, without costs, by reversing so much thereof as dismissed petitioner's first and second petitions for modification; respondent's motion to dismiss said petitions denied and matter remitted to the Family Court of Schoharie County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

---

* The third petition was based upon an alleged second instance of sexual contact that was later recanted by the child and the mother does not argue that it was improperly dismissed.