■ Nick DiNozzi, Appellant, v Anna DiNozzi, Respondent. [902 NYS2d 647]—In an action for a divorce and ancillary relief, the plaintiff appeals (1) from an order of the Supreme Court, Suffolk County (Cohen, J.), dated May 29, 2008, which granted the defendant's unopposed application for an award of an attorney's fee to the extent of awarding her an attorney's fee in the sum of $12,000, payable in 12 monthly installments, starting July 1, 2008, and (2), as limited by his brief, from so much of an amended judgment of the same court entered April 10, 2009, as, in effect, awarded the defendant nondurational maintenance in the sum of $2,500 per month.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the amended judgment is modified, on the law, on the facts, and in the exercise of discretion, by deleting the eighth decretal paragraph thereof, and substituting therefor a decretal paragraph stating: "Ordered and adjudged that the plaintiff is directed to pay the sum of $2,500 per month in spousal maintenance, commencing August 1, 2008, until the plaintiff commences collecting his pension from Cablevision"; as so modified, the amended judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The parties stipulated that the issue of an award of an attorney's fee would be the subject of written submissions to the Supreme Court. In an order dated May 29, 2008, the Supreme

Court granted the defendant's subsequent written application for the award of an attorney's fee to the extent of awarding her an attorney's fee in the sum of $12,000, payable in 12 monthly installments, starting July 1, 2008. The plaintiff did not submit any papers in opposition to the defendant's application. Accordingly, his appeal from that order must be dismissed, as it was made upon his default (*see* CPLR 5511; *Toland v Young*, 60 AD3d 754, 754-755 [2009]).

While the amount and duration of maintenance is a matter committed to the sound discretion of the trial court (*see Brooks v Brooks*, 55 AD3d 520, 521 [2008]), this Court's authority in determining the issues of maintenance is as broad as that of the trial court (*see Scala v Scala*, 59 AD3d 1042, 1043 [2009]). Under the particular circumstances presented in this case, including the fact that pursuant to the equitable distribution provisions of the parties' stipulation dated April 29, 2008, the defendant is entitled, inter alia, to a share of the plaintiff's Cablevision pension, we conclude that an award of maintenance to the defendant beyond the time the plaintiff commences collecting that pension is not warranted.

The plaintiff's remaining contentions are without merit. Dillon, J.P., Florio, Miller and Austin, JJ., concur.