■ ANONYMOUS 2011-1, Appellant, v ANONYMOUS 2011-2, Respondent. [958 NYS2d 181]—

In a matrimonial action in which the parties were divorced by judgment dated September 1, 2011, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Schwartz-Zimmerman, J.), dated February 15, 2012, as, without a hearing, denied that branch of her motion which was to modify the joint custody provisions of the parties' judgment of divorce so as to award her sole custody of the parties' children.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for the appointment of an attorney to represent the interests of the children, and thereafter for a hearing and a new determination of that branch of the plaintiff's motion which was to modify the joint custody provisions of the parties' judgment of divorce so as to award her sole custody of the parties' children.

The parties have two children, a daughter, born March 21, 1999, and a son, born September 8, 2003. The parties entered into a separation agreement on April 2, 2010, pursuant to which they agreed to share legal and residential custody of the children on alternating weeks. They also agreed, inter alia, that the children's therapist would act as a neutral mediator to help them resolve any parenting disputes. The separation agreement (hereinafter the agreement) was incorporated but not merged into the parties' judgment of divorce dated September 1, 2011.

On October 19, 2011, the plaintiff (hereinafter the mother) moved, inter alia, to modify the joint custody provisions of the judgment of divorce so as to award her sole custody of the children. In support of her motion, the mother submitted an affidavit wherein she asserted, inter alia, that a change in circumstances warranted a modification of the shared custody arrangement. The mother claimed that the defendant (hereinafter the father) had repeatedly violated conditions of the agreement. The mother further alleged that, after the execution of

the agreement, the father had hired the children's therapist as a full-time employee to perform virtually all of his parental duties. The Supreme Court denied, without a hearing, that branch of the mother's motion which was to modify the joint custody provisions of the judgment of divorce so as to award her sole custody of the children, finding that the mother had not alleged a change of circumstances "which would warrant the relief requested."

"An order . . . modifying custody[ ] must be addressed solely to the infant's best interests" (*Kresnicka v Kresnicka*, 48 AD2d 929, 929 [1975]; *see Matter of Sullivan v Moore*, 95 AD3d 1223 [2012]; *Matter of Leichter-Kessler v Kessler*, 71 AD3d 1148 [2010]; *Hizme v Hizme*, 212 AD2d 580 [1995]). Where parents enter into an agreement concerning custody, "it will not be set aside unless there is a sufficient change in circumstances since the time of the stipulation and unless the modification of the custody agreement is in the best interests of the children" (*Matter of Gaudette v Gaudette*, 262 AD2d 804, 805 [1999]; *see Matter of Joseph F. v Patricia F.*, 32 AD3d 938, 939 [2006]; *Smoczkiewicz v Smoczkiewicz*, 2 AD3d 705, 706 [2003]; *see also Kollmar v Kollmar*, 100 AD3d 712 [2012]). When making such determinations, a court "must consider the totality of the circumstances" (*Matter of Chery v Richardson*, 88 AD3d 788, 788 [2011] [internal quotation marks omitted]; *see Eschbach v Eschbach*, 56 NY2d 167 [1982]; *Matter of Solovay v Solovay*, 94 AD3d 898, 899 [2012]). A party seeking a change in custody is entitled to a hearing where the movant has made an evidentiary showing of "a sufficient change in circumstances demonstrating a real need for a change of custody in order to insure the [children's] best interests" (*Matter of Nava v Kinsler*, 85 AD3d 1186, 1186 [2011]; *see Sirabella v Sirabella*, 95 AD3d 1296 [2012]; *Matter of Dorsa v Dorsa*, 90 AD3d 1046, 1046 [2011]).

Here, the mother made the necessary showing entitling her to a hearing regarding that branch of her motion which was for a change of custody. The mother's affidavit contained specific allegations concerning the father's repeated violations of the custody provisions of the agreement since its inception (*cf. McNally v McNally*, 28 AD3d 526 [2006]). Moreover, the full-time employment of the children's therapist, the person designated in the agreement as a neutral third-party "arbitrator" of custodial disputes, by the father, constitutes a significant change of circumstance which could undermine the integrity of the agreement's custodial provisions. The record also reveals a "[c]ontinued deterioration in the [parties'] relationship" which may qualify as a further circumstance warranting a change in

the present custodial arrangement (*Matter of Nikki O. v William N.*, 64 AD3d 938, 939 [2009] [internal quotation marks omitted]). Thus, under the totality of the circumstances, the mother is entitled to a hearing before the court determines that branch of her motion which was to modify the joint custody provisions of the judgment of divorce so as to award her sole custody of the children.

Given the particular facts of this case, the interests of the children should be independently represented. As stated by this Court in *Koppenhoefer v Koppenhoefer* (159 AD2d 113, 117 [1990]), "in disputed custody/visitation litigation, the appointment of [an attorney for the child] has been recognized as appropriate and helpful to the court. The attorney may act as champion of the child's best interest, as advocate for the child's preferences, as investigator seeking the truth on controverted issues, or may serve to recommend alternatives for the court's consideration" (*see William-Torand v Torand*, 73 AD3d 605 [2010]; *see also Matter of Plovnick v Klinger*, 10 AD3d 84 [2004]).

Accordingly, the matter must be remitted to the Supreme Court, Nassau County, for the appointment of an attorney to represent the interests of the children, and thereafter for a hearing and a new determination of that branch of the mother's motion which was to modify the joint custody provisions of the judgment of divorce so as to award her sole custody of the children. Angiolillo, J.P., Austin, Sgroi and Miller, JJ., concur.