■ THOMAS MCCANCE, Appellant, v CAZZIE DEWITT, Respondent. [987 NYS2d 174]—

In a matrimonial action in which the parties were divorced by a judgment entered September 11, 2009, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Buetow, Ct. Atty. Ref.), dated February 5, 2013, which, after a hearing, denied his motion to modify the custody provisions of a stipulation of settlement dated May 18, 2009, which was incorporated but not merged into the parties' judgment of divorce, so as to award him sole custody of the parties' child.

Ordered that the order is affirmed, with costs.

The parties entered into a stipulation of settlement pursuant to which they agreed to have joint custody of the subject child, with residential custody to the defendant. The stipulation of settlement was incorporated but not merged into a subsequent judgment of divorce. Less than two years after the judgment of

divorce was entered, the plaintiff moved to modify the custody arrangement so as to award him sole custody of the parties' child. The Supreme Court denied his motion.

"A modification of an existing custody arrangement should be allowed only upon a showing of a sufficient change in circumstances demonstrating a real need for a change of custody in order to insure the child's best interests" (*Matter of Nava v Kinsler*, 85 AD3d 1186, 1186 [2011]). The best interests of the child are determined by a review of the totality of the circumstances (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]). In this regard, the court should consider whether the alleged changed circumstances indicate that one of the parties is unfit, the nature and quality of the relationships between the child and the parties, and the existence of a prior agreement (*see Matter of Wilson v McGlinchey*, 2 NY3d 375, 381 [2004]; *Friederwitzer v Friederwitzer*, 55 NY2d 89, 94-95 [1982]).

" 'Priority in custody disputes should usually be given to the parent who was first awarded custody . . . because this policy assures stability in the child's life' " (*Matter of Ross v Ross*, 96 AD3d 856, 857 [2012], quoting *Matter of Salvati v Salvati*, 221 AD2d 541, 542 [1995]; *see Friederwitzer v Friederwitzer*, 55 NY2d at 94; *White v Mazzella-White*, 84 AD3d 1068, 1069 [2011]; *Matter of Russell v Russell*, 72 AD3d 973, 974 [2010]). "Thus, '[w]hen . . . there is no indication that a change of custody will result in significantly enhancing the child's welfare, it is generally considered in the child's best interests not to disrupt his [or her] life' " (*Matter of Ross v Ross*, 96 AD3d at 857, quoting *Matter of Salvati v Salvati*, 221 AD2d at 543; *see Matter of Conway v Gartmond*, 108 AD3d 667, 669 [2013]).

Here, the Supreme Court's determination that there had not been a change of circumstances sufficient to warrant a change of custody was supported by a sound and substantial basis in the record. Although the plaintiff established that the defendant's conduct after the parties' divorce constituted a change in circumstances that affected the interests of the child, the defendant demonstrated that she had taken steps to resolve these issues and ameliorate any negative influence on the child (*see Matter of Howard E.I. v Sandra I.*, 108 AD3d 715, 716 [2013]; *Matter of Ross v Ross*, 96 AD3d at 858; *Matter of Chery v Richardson*, 88 AD3d 788, 789 [2011]). The evidence indicates that it is in the best interests of the subject child to remain with the defendant, in whose care the subject child is doing well (*see Matter of Conway v Gartmond*, 108 AD3d at 669).

The plaintiff's remaining contentions are without merit. Rivera, J.P., Lott, Miller and Duffy, JJ., concur.