■ In the Matter of HEATHER BUGALLA, Respondent, v SALVATORE CALCAGNO, Appellant. [987 NYS2d 624]—

In a child custody proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Suffolk County (Boggio, Ct. Atty. Ref.), dated May 24, 2013, which, after a hearing, granted the mother's petition to modify an order of the same court (Orlando, Ct. Atty. Ref.) dated April 7, 2010, made on the consent of the parties, to the extent of making certain reductions in the father's parenting time, and denied the father's petition to modify the same order so as to award him sole custody of the subject children.

Ordered that the order dated May 24, 2013, is affirmed, with costs.

"Where parents enter into an agreement concerning custody, 'it will not be set aside unless there is a sufficient change in circumstances since the time of the stipulation and unless the modification of the custody agreement is in the best interests of the children' " (*Anonymous 2011-1 v Anonymous 2011-2*, 102 AD3d 640, 641 [2013], quoting *Matter of Gaudette v Gaudette*, 262 AD2d 804, 805 [1999]). When making such a determination, a court must consider the totality of the circumstances (*see Eschbach v Eschbach*, 56 NY2d 167 [1982]).

Here, the Family Court's determination reducing the father's

visitation time with the children in order to accommodate the children's increasingly busy schedules and extracurricular activities is supported by a sound and substantial basis in the record (*see Matter of Gorniok v Zeledon-Mussio*, 82 AD3d 767, 769 [2011]; *Matter of Perez v Hughes*, 33 AD3d 1008 [2006]).

Moreover, although there was evidence that the mother had interfered with the father's visitation, under the particular circumstances of this case, and in light of the fact that the children have been living with the mother all of their lives, a change in custody would not be in the best interests of the children (*see Matter of Ross v Ross*, 96 AD3d 856, 857-858 [2012]; *Cervera v Bressler*, 90 AD3d 803, 805-806 [2011]; *Matter of VanDusen v Riggs*, 77 AD3d 1355 [2010]). Mastro, J.P., Leventhal, Chambers and Austin, JJ., concur.