In the Matter of MADELINE O'CONNOR, Appellant, v RAYMOND KLOTZ, Respondent. [1 NYS3d 350]—

Appeal from an order of the Family Court, Suffolk County (David Freundlich, J.), dated January 22, 2014. The order, in effect, dismissed, without a hearing, the mother's petition to modify the custody provisions set forth in a stipulation of settlement between the parties.

Ordered that the order is reversed, on the law, with costs, the petition is reinstated, and the matter is remitted to the Family Court, Suffolk County, for further proceedings consistent herewith.

The parties, who were married and have three children together, were divorced pursuant to a judgment dated May 14, 2012. A stipulation of settlement, which was incorporated but not merged in the judgment of divorce, set forth the custodial arrangements for the three children. Subsequently, the mother filed a petition to modify the custody provisions. Without a hearing, the Family Court, in effect, dismissed the mother's petition on the ground that the mother had failed to set forth a change in circumstances sufficient to justify modifying the custody arrangements. The mother appeals.

A party seeking the modification of an existing court-sanctioned child custody arrangement has the burden of demonstrating that circumstances have changed since the initial custody determination to the extent that modification is necessary to insure the child's best interests (*see Matter of Thomson v Battle*, 99 AD3d 804, 806 [2012]; *Matter of Nava v Kinsler*, 85 AD3d 1186, 1186 [2011]). Moreover, to be entitled to a hearing on a modification petition, the party seeking modification must make an evidentiary showing of a sufficient change in circumstances (*see Anonymous 2011-1 v Anonymous 2011-2*, 102 AD3d 640, 641 [2013]; *Matter of Dana H. v James Y.*, 89 AD3d 844, 845 [2011]; *Matter of Leichter-Kessler v Kessler*, 71 AD3d 1148, 1149 [2010]).

Here, the mother's petition contained allegations sufficiently specific to warrant a hearing, including allegations that the parents' ability to cooperate with each other with respect to the children had deteriorated so seriously that the children were being harmed (*see Matter of Bustamante v Largue*, 112 AD3d 819, 820 [2013]; *Anonymous 2011-1 v Anonymous 2011-2*, 102 AD3d

at 641-642; *Matter of Nikki O. v William N.*, 64 AD3d 938, 939 [2009]). Accordingly, the Family Court erred in, in effect, dismissing the petition without a hearing (*see Matter of Freedman v Horike*, 107 AD3d 1332, 1333-1334 [2013]; *Matter of Schnock v Sexton*, 101 AD3d 1437, 1437-1438 [2012]; *Matter of Zelodius C. v Danny L.*, 39 AD3d 320, 320 [2007]). Balkin, J.P., Dickerson, Sgroi and Cohen, JJ., concur.

---

Cross motion by the respondent on an appeal from an order of the Family Court, Suffolk County, dated January 22, 2014, inter alia, to strike stated portions of the appellant's brief on the ground that they refer to matter dehors the record. By decision and order on motion of this Court dated February 28, 2014, that branch of the cross motion which was to strike stated portions of the appellant's brief was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the cross motion and the papers filed in opposition thereto, and upon the submission of the appeal, it is

Ordered that the branch of the cross motion which was to strike stated portions of the appellant's brief is granted to the extent that the content of those portions of the "Procedural History" section of the appellant's brief commencing at the beginning of the paragraph appearing three lines from the bottom of page three, and continuing through the end of the 11th line of page six, are stricken and have not been considered in the determination of the appeal, and that branch of the cross motion is otherwise denied. Balkin, J.P., Dickerson, Sgroi and Cohen, JJ., concur.