█ Matthew Franco, Respondent, v Deneen Franco, Appellant. [6 NYS3d 592]—

Appeal from an order of the Supreme Court, Suffolk County (Marion T. McNulty, J.), dated June 24, 2013. The order, insofar as appealed from, denied, without a hearing, those branches of the defendant's motion which were to modify custody and support provisions set forth in stipulations of settlement between the parties so as to, inter alia, award her sole custody of the parties' children.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for the appointment of an attorney to represent the interests of the children, and thereafter for a hearing and a new determination of that branch of the defendant's motion which was to modify the custody provisions set forth in the stipulations of settlement between the parties and, if necessary, as to child support.

The parties are the divorced parents of two children. They entered into so-ordered stipulations which survived their October 3, 2007, judgment of divorce. Pursuant to those stipulations, the parties, inter alia, were to have joint custody of the children. In November 2012, the defendant moved to modify the stipulations so as to award her sole custody and child support. In the order appealed from, the Supreme Court denied the defendant's motion without a hearing. The defendant appeals.

An order concerning custody of children will not be set aside absent proof that, since the time of the order, circumstances have changed to the extent that modification is necessary to ensure the continued best interests and welfare of the children (*see Harris v Harris*, 112 AD3d 887 [2013]; *Matter of Cortez v Cortez*, 111 AD3d 717 [2013]). Moreover, a parent moving to modify an order regarding custody is not entitled to a hearing on the motion unless he or she first makes an evidentiary showing that circumstances have changed to such an extent that modification is necessary (*see Matter of O'Connor v Klotz*, 124 AD3d 666, 666 [2015]).

Here, the defendant offered sufficient proof to warrant a hearing on her motion for modification of the custody provisions of the stipulations. Most importantly, the defendant of-

fered sufficient evidence that the parties' ability to cooperate with each other with respect to their parental obligations had become so impaired that the children were being harmed (*see Matter of O'Connor v Klotz*, 124 AD3d at 666; *Anonymous 2011-1 v Anonymous 2011-2*, 102 AD3d 640, 641-642 [2013]). Accordingly, we must remit the matter to the Supreme Court, Suffolk County, for the appointment of an attorney to represent the interests of the children, and thereafter for a hearing and a new determination of that branch of the defendant's motion which was to modify the stipulations with respect to custody and, if necessary, as to child support (*see Anonymous 2011-1 v Anonymous 2011-2*, 102 AD3d at 642). Skelos, J.P., Balkin, Roman and Hinds-Radix, JJ., concur.