■ MATTHEW FRANCO, Respondent, v DENEEN FRANCO, Appellant. [6 NYS3d 594]—

Appeal from an order of the Supreme Court, Suffolk County (Marion T. McNulty, J.), dated June 24, 2013. The order denied, as academic, the defendant's motion for a judicial subpoena duces tecum for records of the Commissioner of Social Services.

Ordered that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for a determination, on the merits, of the defendant's motion for a judicial subpoena duces tecum for records of the Commissioner of Social Services.

The defendant moved to modify joint custody provisions of stipulations of settlement which were incorporated but not merged into a judgment of divorce, seeking an award of sole custody of the parties' children. In connection with that motion, the defendant also moved for a judicial subpoena duces tecum for certain records from the Commissioner of Social Services, which, she contended, were relevant to her request for sole custody of the children. The Supreme Court denied the motion to modify the custody provisions of the stipulations of settlement (see Franco v Franco, 127 AD3d 810 [2015] [decided herewith] [hereinafter the companion appeal]) and, in the order appealed from, denied, as academic, the defendant's motion for a judicial subpoena duces tecum.

In the companion appeal, we determined that a hearing is necessary with respect to those branches of the defendant's motion which were to modify the custody provisions of the stipulations of settlement, and we remitted the matter to the Supreme Court, Suffolk County, for a hearing and, thereafter, a new determination of the relevant branches of the defendant's motion. In light of that determination, the defendant's motion for a judicial subpoena duces tecum is not academic. Accordingly, we reverse the order denying the defendant's motion for a judicial subpoena duces tecum for records of the Commissioner of Social Services, and remit the matter to the Supreme Court, Suffolk County, for a determination of that motion on the merits (see Sesina v Joy Lea Realty, LLC, 123

AD3d 1000, 1000-1001 [2014]; *Cohen v Cohen*, 73 AD3d 832, 834 [2010]). Skelos, J.P., Balkin, Roman and Hinds-Radix, JJ., concur.