■ In the Matter of EILEEN D'AMICO, Respondent, v CHRISTOPHER CORRADO, Appellant. [10 NYS3d 316]—

Appeals from three orders of the Family Court, Suffolk County (Bernard Cheng, J.), dated June 19, 2013, January 9, 2014, and January 30, 2014, respectively, and an order of that court (David Fruendlich, J.), dated November 26, 2013. The order dated June 19, 2013, after a hearing, inter alia, granted the mother's petition to modify a stipulation of settlement dated October 13, 2010, so as to award her sole custody of the subject child, with visitation to the father. The order dated November 26, 2013, in effect, dismissed the father's petition to hold the mother in contempt for violating the visitation provisions of the order dated June 19, 2013. The order dated January 9, 2014, in effect, dismissed the father's separate petition to hold the mother in contempt for violating the visitation provisions of the order dated June 19, 2013. The order dated January 30, 2014, after a hearing, dismissed the father's separate petitions to hold the mother in contempt for violating the visitation provisions of the order dated June 19, 2013.

Ordered that the appeals from the orders dated November 26, 2013, and January 9, 2014, are dismissed as abandoned, without costs or disbursements; and it is further,

Ordered that the orders dated June 19, 2013, and January 30, 2014, are affirmed, without costs or disbursements.

The appeals from the orders dated November 26, 2013, and January 9, 2014, must be dismissed as abandoned, as the father's brief does not seek reversal or modification of any portion of those orders (see Matter of Pepe v Pepe, 124 AD3d 898 [2015]).

"A party seeking the modification of an existing court-sanctioned child custody arrangement has the burden of demonstrating that circumstances have changed since the initial custody determination to the extent that modification is necessary to insure the child's best interests" (*Matter of O'Connor v Klotz*, 124 AD3d 666, 666 [2015]; *see Matter of Bugalla v Calcagno*, 118 AD3d 871, 871 [2014]; *see Anonymous 2011-1 v Anonymous 2011-2*, 102 AD3d 640, 641 [2013]; *Matter of Gaudette v Gaudette*, 262 AD2d 804, 805 [1999]). "The best interests of the child are determined by a review of the totality of the circumstances" (*McCance v DeWitt*, 118 AD3d 759, 760 [2014]; *see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]). "As custody determinations turn in large part on assessments of the credibility, character, temperament, and sincerity of the parties, the Family Court's findings in connection with these issues should not be disturbed unless they lack a sound and substantial basis in the record" (*Matter of Halioris v Halioris*, 126 AD3d 973, 974 [2015]; *see Eschbach v Eschbach*, 56 NY2d at 173-174).

Contrary to the father's contention, the Family Court did not improvidently exercise its discretion in granting the mother's petition to modify the parties' stipulation of settlement dated October 13, 2010, pursuant to which the parties agreed to have joint custody of the subject child, so as to award her sole custody of the child. The record demonstrates that the parties' relationship had deteriorated to the point that they could not communicate and rendered them unable to engage in joint decision-making with regard to their child (*see Filippi v Filippi*, 118 AD3d 939 [2014]; *Matter of O'Loughlin v Sweetland*, 98 AD3d 983 [2012]). Moreover, there is a sound and substantial basis in the record for the Family Court's determination that it was in the best interests of the child to award sole custody to the mother based upon, inter alia, the father's volatile temper, limited insight into his behavior, and tendency to blame the mother for his strained relationship with the child (*see Matter of O'Loughlin v Sweetland*, 98 AD3d at 984; *Matter of Shaw v Antes*, 274 AD2d 679, 681 [2000]; *Matter of Spencer v Small*, 263 AD2d 783, 785 [1999]; *Matter of Hotaling v Hotaling*, 249 AD2d 707, 708-709 [1998]; *Matter of Notley v Schmeid*, 220 AD2d 509, 510-511 [1995]).

Furthermore, the father failed to show that the mother violated the visitation provisions of the order dated June 19, 2013, by deliberately frustrating his visitation rights with the child (*see Matter of Vasquez v Powell*, 111 AD3d 754, 755 [2013]; *see generally Matter of Kraemer v Strand-O'Shea*, 66 AD3d 901 [2009]).

In light of our determination, we need not reach the father's remaining contention.

Accordingly, the Family Court properly dismissed the father's petitions to hold the mother in contempt for violating the visitation provisions of the order dated June 19, 2013. Rivera, J.P., Cohen, Hinds-Radix and Barros, JJ., concur.