■ CHRISTINA GIASEMIS, Respondent, v PETER GIASEMIS, Appellant. (Matter No. 1.) In the Matter of PETER GIASEMIS, Appellant, v CHRISTINA HARITOS, Respondent. (Matter No. 2.) [32 NYS3d 254]—

Appeals from two orders of the Supreme Court, Kings County (Eric I. Prus, J.), both dated May 12, 2015, and two orders of the Family Court, Kings County (Maria Arias, J.), both dated May 29, 2015. The first Supreme Court order granted that branch of the mother's motion which was to remove matter No. 2 to the Supreme Court, Kings County, and consolidate it with matter No. 1, and, sua sponte, dismissed the petition in matter

No. 2. The second Supreme Court order, insofar as appealed from, granted that branch of the mother's motion which was for an award of final decision-making authority over all medical decisions for the subject child. The first Family Court order dismissed the petition in matter No. 2. The second Family Court order dismissed the father's motion, inter alia, for additional visitation with the subject child.

Ordered that on the Court's own motion, the notice of appeal from so much of the first Supreme Court order as, sua sponte, dismissed the petition in matter No. 2 is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the first Supreme Court order is modified, on the law, by deleting the provision thereof dismissing the petition in matter No. 2; as so modified, the first Supreme Court order is affirmed, without costs or disbursements, the petition in matter No. 2 is reinstated, the orders of the Family Court, Kings County, dated May 29, 2015, are vacated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith; and it is further,

Ordered that the second Supreme Court order is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the appeals from both Family Court orders are dismissed as academic, without costs or disbursements, in light of our determination on the appeal from the first Supreme Court order.

The parties are the parents of three children. In 2005, the mother commenced an action for a divorce and ancillary relief (hereinafter the matrimonial action). The parties subsequently entered into a custody agreement, dated June 25, 2007, that was incorporated but not merged into their judgment of divorce, dated September 6, 2007. Pursuant to the agreement, the parties agreed to joint custody, with primary physical custody of the children with the mother. The agreement further stated that the mother would consult with the father on all major issues concerning the children, including issues relating to their health. If, after consultation, the parties could not reach a joint decision as to their youngest child (hereinafter the subject child), who allegedly suffers from developmental delays, the mother was to have the right to make final decisions regarding him. The judgment of divorce directed that the Family Court was to have concurrent jurisdiction with the Supreme Court over issues of custody.

After entry of the judgment of divorce, the parties continued

to bring their disputes regarding the care of their children to the Supreme Court. The parties' various postjudgment motions and cross motions were resolved by the Supreme Court in an order dated October 27, 2011. That order appointed a social worker as an intermediary to monitor and address the father's complaints and allegations regarding major decisions made by the mother with respect to the schooling and medical treatment of all the children, and directed that the social worker was to report back to the court.

In September 2014, the father commenced a proceeding in the Family Court, Kings County (hereinafter the custody proceeding), to modify the joint custody provisions of the judgment of divorce so as to award him sole custody of the subject child, claiming that there had been a change in circumstances. In March 2015, the father made a motion in the custody proceeding, inter alia, for additional visitation with the subject child. Also in March 2015, the mother moved in the Supreme Court, inter alia, to remove the custody proceeding to the Supreme Court and consolidate it with the matrimonial action, for sole custody of the parties' children, and for sole decision-making authority over all future medical treatment for the parties' children. In an order dated May 12, 2015, the Supreme Court granted that branch of the mother's motion which was to remove the custody proceeding to the Supreme Court and to consolidate it with the matrimonial action and, sua sponte, dismissed the petition in the custody proceeding. In a second order dated May 12, 2015, the Supreme Court granted that branch of the mother's motion which was for final decision-making authority over all medical decisions for the subject child.

After the Supreme Court granted that branch of the mother's motion which was to remove the custody proceeding to the Supreme Court and consolidate it with the matrimonial action and, sua sponte, dismissed the petition in the custody proceeding, the Family Court issued two orders, both dated May 29, 2015, dismissing the petition in the custody proceeding and the father's motion in the custody proceeding, respectively. The Family Court stated that the dismissals were based on the Supreme Court's orders. The father appeals from the two Supreme Court orders and the two Family Court orders.

The Supreme Court providently exercised its discretion in granting that branch of the mother's motion which was to remove the custody proceeding to the Supreme Court and consolidate it with the matrimonial action. Common questions of law and fact exist between the mother's postjudgment mo-

tion to modify the custody provisions of the parties' judgment of divorce and the issues raised in the custody proceeding, and the father failed to make a showing of prejudice (*see* CPLR 602 [b]; *Cusumano v Cusumano*, 114 AD3d 633, 634 [2014]; *Kally v Mount Sinai Hosp.*, 44 AD3d 1010 [2007]; *see also Kosovsky v Zahl*, 52 AD3d 305 [2008]). Once the Supreme Court removed the custody proceeding to the Supreme Court, there was no basis for the Family Court to issue any further orders.

However, upon granting consolidation, the Supreme Court erred in, sua sponte, dismissing the petition in the custody proceeding without a hearing. In determining whether a custody agreement that was incorporated into a judgment of divorce should be modified, the paramount issue before the court is whether, under the totality of the circumstances, a modification of custody is in the best interests of the child (*see Anonymous 2011-1 v Anonymous 2011-2*, 136 AD3d 946 [2016]; *Matter of Honeywell v Honeywell*, 39 AD3d 857 [2007]; *Cuccurullo v Cuccurullo*, 21 AD3d 983, 984 [2005]). A party seeking such a modification is not automatically entitled to a hearing, but must make an evidentiary showing sufficient to warrant a hearing (*see Matter of Resnick v Ausburn*, 123 AD3d 728 [2014]; *Whitehead v Whitehead*, 122 AD3d 921 [2014]; *Macchio v Macchio*, 120 AD3d 560 [2014]). Here, the father offered sufficient proof to warrant a hearing on his petition for modification of the parties' joint custody arrangement with regard to the subject child. The father made specific allegations that the mother failed to cooperate with the social worker appointed by the court to monitor her decisions regarding the child's medical treatment, that the parties' ability to cooperate with each other with respect to the child had deteriorated so seriously that a change in the parties' joint custody arrangement was warranted, and that the child, who is now a teenager, had expressed a desire to live with him instead of the mother (*see Anonymous 2011-1 v Anonymous 2011-2*, 102 AD3d 640 [2013]; *Matter of Nikki O. v William N.*, 64 AD3d 938 [2009]).

Accordingly, we reinstate the petition in the custody proceeding and remit the matters to the Supreme Court, Kings County, for the appointment of an attorney to represent the interests of the subject child, and thereafter for a hearing and a determination of the petition in the custody proceeding and the father's motion for additional visitation with the subject child (*see Franco v Franco*, 127 AD3d 810 [2015]; *Anonymous 2011-1 v Anonymous 2011-2*, 102 AD3d 640 [2013]).

The father's remaining contention is not properly before this Court. Eng, P.J., Hall, Sgroi and Duffy, JJ., concur.