■ LEOPOLDO E. PIZA, Appellant-Respondent, v MARITZA BAEZ-PIZA, Respondent-Appellant. [43 NYS3d 450]—

Appeal by the plaintiff and cross appeal by the defendant from stated portions of a judgment of divorce of the Supreme Court, Suffolk County (Marlene L. Budd, J.), entered March 20, 2015. The judgment, insofar as appealed from, upon a decision of that court (Stephen M. Behar, J.), dated November 14, 2014, made after a nonjury trial, awarded the defendant maintenance in the sum of $150 per week for the period of April 26, 2010, through July 11, 2016, and, in effect, awarded the defendant the sum of $7,500 in attorney's fees for legal services provided following an earlier award of $3,500 in attorney's fees. The judgment, insofar as cross-appealed from, awarded the plaintiff custody of the parties' child and directed the defendant to pay child support in the sum of $293.20 per month.

Ordered that the judgment is modified, on the law, by deleting the provision thereof, in effect, awarding the defendant the sum of $7,500 in attorney's fees for legal services provided following the prior award of $3,500 in attorney's fees, and substituting therefor a provision awarding the defendant the sum of $4,000 in attorney's fees for legal services provided following the prior award of $3,500 in attorney's fees; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiff, Leopoldo E. Piza, and the defendant, Maritza Baez-Piza, married in 1996. The parties later separated, and the plaintiff commenced this action for a divorce in 2010. They have a son, who is now 17 years old.

Prior to trial, the Supreme Court awarded the defendant temporary custody of the parties' child and awarded her pendente lite relief in the form of child support, maintenance, and the sum of $3,500 in attorney's fees. Following a trial, the defendant sought additional attorney's fees, and in September 2013, the court awarded the plaintiff temporary custody of the subject child.

In its posttrial decision dated November 14, 2014, the Supreme Court, inter alia, awarded the defendant the sum of $7,500 in attorney's fees for legal services provided following the earlier award of $3,500 in attorney's fees. In the judgment of divorce, the court, inter alia, awarded the plaintiff custody of the subject child, awarded the defendant maintenance, and incorporated by reference the decision after trial. The plaintiff appeals, and the defendant cross-appeals.

The plaintiff correctly asserts that in determining maintenance, the Supreme Court erroneously applied an amendment to Domestic Relations Law § 236 (B) (6) (a) that did not apply in cases commenced prior to the October 12, 2010, effective date of the amendment (see L 2010, ch 371, § 6). However, we need not remit this case for a new award to correct this error, because our "authority in determining the issues of maintenance is as broad as that of the trial court" (*DiNozzi v DiNozzi*, 74 AD3d 866, 867 [2010]). Here, the award to the defendant of maintenance in the sum of $150 per week for the period of April 26, 2010, through July 11, 2016, is appropriate (see Domestic Relations Law § 236 [B] [6] [a], as amended by L 2009, ch 229, § 3; *Sirgant v Sirgant*, 43 AD3d 1034, 1035 [2007]).

The Supreme Court incorrectly stated that it was not required to find a change of circumstances before modifying a prior award of custody (see *McCance v DeWitt*, 118 AD3d 759, 760 [2014]). Nevertheless, there had indeed been a change of circumstances affecting the subject child's best interests such that a change in custody to the father was warranted (see *Matter of Pena v Lopez*, 140 AD3d 967, 968 [2016]; *Bressler v Bressler*, 122 AD3d 659, 659-660 [2014]; cf. *McCance v DeWitt*, 118 AD3d at 760; *Tanvir v Tanvir*, 17 AD3d 346, 346-347 [2005]).

With respect to the Supreme Court's determination of child support, the court's reasons for imputing income to the defend-

ant are supported by the record, and we decline to disturb the court's determination on that issue (*see Lieberman v Lieberman*, 21 AD3d 1004, 1005 [2005]).

The Supreme Court erred in awarding the defendant total attorney's fees in excess of the $7,500 retainer that she paid to her attorney, as she did not demonstrate, prima facie, that her attorney substantially complied with 22 NYCRR 1400.2 and 1400.3 (*see Vitale v Vitale*, 112 AD3d 614, 615 [2013]). Accordingly, we modify the judgment to provide that the additional award of attorney's fees for legal services provided following the prior award of $3,500 be limited to the sum of $4,000 (*see Mulcahy v Mulcahy*, 285 AD2d 587, 588-589 [2001]).

The defendant's remaining contentions are without merit. Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.