Hudson v Hudson (2018 NY Slip Op 05025)





Hudson v Hudson


2018 NY Slip Op 05025


Decided on July 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2017-03469
 (Index No. 6580/13)

[*1]Gaelle Hudson, respondent, 
v
Erik L. Hudson, appellant.


Meth Law Offices, P.C., Chester, NY (Michael D. Meth and Evan Zucker of counsel), for appellant.
Michael J. Mahon, Nanuet, NY, for respondent.



DECISION & ORDER
In a matrimonial action, the defendant appeals from an order of the Supreme Court, Orange County (Lori Currier Woods, J.), dated February 22, 2017. The order, insofar as appealed from, granted the plaintiff's motion, inter alia, to enforce the education provision of the parties' stipulation of settlement as incorporated into the parties' judgment of divorce, and denied that branch of the defendant's cross motion which was to modify the joint custody provision of the judgment of divorce.
ORDERED that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Orange County, for a hearing and a new determination on the plaintiff's motion and that branch of the defendant's motion which was to modify the joint custody provision of the parties' judgment of divorce.
The parties are the divorced parents of one child. They entered into a stipulation of settlement, which was incorporated, but not merged, into their June 10, 2014, judgment of divorce. The judgment of divorce awarded joint legal custody to both parents, with primary physical custody to the mother, the plaintiff. The parties' stipulation provided that the child "shall go to school within the jurisdiction of the [plaintiff's] residence based on physical custody, provided that she complies with the mileage conditions [established in the stipulation]." It is not disputed that the plaintiff has complied with the mileage conditions of the stipulation.
The child attended a pre-kindergarten program at a private school in Warwick, New York. However, the parties disagreed with respect to where the child would attend kindergarten. The plaintiff wanted the child to attend a public school in Vernon, New Jersey, within the township where she lives. The defendant wanted the child to continue to attend the school in Warwick. The parties were unable to resolve this disagreement, and as a result, the child attended kindergarten at both schools for a period of time.
In September 2016, the plaintiff moved, inter alia, to enforce the terms of the stipulation of settlement, and to direct that the child attend kindergarten at the Vernon school. The defendant opposed the plaintiff's motion, and cross-moved, inter alia, to modify the joint custody provision of the parties' judgment of divorce so as to award him sole physical and legal custody. [*2]In the order appealed from, the Supreme Court, inter alia, granted the plaintiff's motion and denied that branch of the defendant's cross motion which was to modify custody. The court found that the provision of the stipulation concerning the child's education was clear and unambiguous, and was in the plaintiff's favor. The defendant appeals.
"As with other contracts, when the terms of a separation agreement are clear and unambiguous, the general rule is that the intent of the parties is to be found within the four corners of the agreement" (Surlak v Surlak, 95 AD2d 371, 375; see Matter of Meccico v Meccico, 76 NY2d 822, 823-824; Rainbow v Swisher, 72 NY2d 106, 109; Nichols v Nichols, 306 NY 490, 496). "Whether an agreement is ambiguous is a question of law for the courts" (Kass v Kass, 91 NY2d 554, 566; see W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 162).
Contrary to the Supreme Court's finding, there is an ambiguity in the parties' stipulation of settlement concerning where the child would attend school, and it does not clearly evidence the parties' intent that she attend the local public school (see generally Nappy v Nappy, 40 AD3d 825, 826; Matter of Mahoney v Goggins, 12 AD3d 447, 448). Moreover, while priority will be accorded to a clause in a stipulation of settlement concerning education, the paramount concern is always the best interests of the child (see Eschbach v Eschbach, 56 NY2d 167, 171; Matter of Nehra v Uhlar, 43 NY2d 242, 251; Weisberger v Weisberger, 154 AD3d 41, 51; Matter of Awan v Awan, 63 AD3d 733, 734). In deciding the plaintiff's motion to enforce the education provision of the parties' stipulation, the Supreme Court should have rendered its determination based upon the child's best interests.
Furthermore, the Supreme Court erred in denying, without a hearing, that branch of the defendant's cross motion which was to modify the joint custody provision of the judgment of divorce. A joint custody arrangement can only work where there is harmony and cooperation between the parents; it should not be continued where the parties are unable to cooperate with each other with respect to their parental obligations such that joint custody is more harmful than beneficial to the child (see Braiman v Braiman, 44 NY2d 584, 587; Franco v Franco, 127 AD3d 810, 811; Robinson v Robinson, 111 AD2d 316, 318). Here, there was sufficient evidence to warrant a hearing to determine whether it was in the child's best interests to continue joint legal custody (see Franco v Franco, 127 AD3d at 811).
Accordingly, we remit the matter to the Supreme Court, Orange County, for further proceedings consistent herewith (see Giasemis v Giasemis, 139 AD3d 794, 797; Franco v Franco, 127 AD3d at 811; Anonymous 2011-1 v Anonymous 2011-2, 102 AD3d 640, 641-642).
RIVERA, J.P., DILLON, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court