Alliger-Bograd v Bograd (2020 NY Slip Op 01315)





Alliger-Bograd v Bograd


2020 NY Slip Op 01315


Decided on February 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
LINDA CHRISTOPHER, JJ.


2017-06355
 (Index No. 17440/14)

[*1]Valerie Alliger-Bograd, respondent,
v
Neal Bograd, appellant.


Quatela Chimeri PLLC, Hauppauge, NY (Christopher J. Chimeri and Glenn R. Jersey III of counsel), for appellant.
Kevin J. Fitzgerald, P.C., Smithtown, NY, for respondent.



DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from stated portions of a judgment of divorce of the Supreme Court, Suffolk County (Carol MacKenzie, J.), dated April 28, 2017. The judgment of divorce, upon a decision and order (one paper) of the same court dated January 17, 2017, made after a nonjury trial, inter alia, awarded the plaintiff certain credits in determining the equitable distribution of marital assets, awarded the plaintiff maintenance in the sum of $100 per week for a period of 260 weeks, failed to direct that the maintenance payments terminate as provided for in Domestic Relations Law § 236(B)(1)(a), awarded the plaintiff child support in the sum of $633.36 per week, and directed the defendant to pay 72% of the child support add-ons.
ORDERED that the judgment of divorce is modified, on the law and the facts, (1) by adding to the third decretal paragraph thereof, after the words "the defendant shall pay to plaintiff maintenance in the sum of $100 per week commencing January 20, 2017 for a period of two hundred sixty (260) weeks," the words "or until the death of either party or the plaintiff's remarriage, whichever shall occur sooner," and (2) by deleting from the tenth decretal paragraph thereof the words "the sum of $81,829.51," and substituting therefor the words "the sum of $23,350"; as so modified, the judgment of divorce is affirmed insofar as appealed from, without costs or disbursements.
The parties were married in 1998 and are the parents of two children, born in 1999 and 2002. During the marriage, the plaintiff was employed by a company owned by her father, and at the time of trial she was earning an annual income of $60,060 as a vice president of the company. Since 2003, the defendant has been the 100% owner of Omni Information Systems, Inc., from which, the Supreme Court determined, he was receiving an income of approximately $168,000 per year at the time of trial.
This action for a divorce and ancillary relief was commenced in 2014. After a nonjury trial, the issues, inter alia, of child support, maintenance, and equitable distribution were determined by the Supreme Court in a decision and order dated January 17, 2017, and the court issued a judgment of divorce dated April 28, 2017. The court found the plaintiff's testimony to be credible, while it found the defendant's testimony to be "extremely problematic." The court noted [*2]that the defendant "dissembled to the [c]ourt" and did not adequately dispute the plaintiff's allegations or submit any credible evidence or call witnesses to support his conclusory statements regarding his income and the plaintiff's well-supported allegations. The defendant appeals from stated portions of the judgment of divorce.
The defendant contends that the Supreme Court improvidently exercised its discretion in awarding certain credits to the plaintiff against the defendant's equitable share of the marital residence. We agree with the court's determination awarding the plaintiff a credit in the sum of $50,000 for her use of premarital funds toward the purchase of the marital residence. "Where a marital asset was acquired, in part or in whole, with separate property funds, courts have usually given the spouse who made the separate property contribution a credit for such payment before determining how to equitably distribute the remaining value of the asset'" (Rosenberg v Rosenberg, 145 AD3d 1052, 1055, quoting Fields v Fields, 15 NY3d 158, 167). The plaintiff's unrefuted testimony and documentary evidence demonstrated that she liquidated premarital stocks of which $50,000 of the proceeds was used toward the purchase of the marital residence.
We agree with the Supreme Court's determination awarding the plaintiff a credit in the sum of $66,952.97 for a loan to the defendant's business from a home equity line of credit (hereinafter HELOC) against the marital residence, which was taken out solely in the plaintiff's name. There are "circumstances where equity requires a credit to one spouse for marital property used to pay off the separate debt of one spouse or add to the value of one spouse's separate property" (Mahoney-Buntzman v Buntzman, 12 NY3d 415, 421; see Micha v Micha, 213 AD2d 956, 956-957). Here, the plaintiff's unrefuted testimony and documentary evidence established that $66,952.97 taken from the HELOC was utilized to pay debts incurred by the defendant's business, and that the defendant had agreed to assume sole responsibility for the repayment of the $66,952.97. Moreover, the court did not award the plaintiff any interest in the defendant's business. Under these circumstances, it was not an improvident exercise of discretion to award the plaintiff a credit in the sum of $66,952.97.
In addition, the Supreme Court providently exercised its discretion in awarding the plaintiff a credit in the sum of $36,000 for loans she made to the defendant for capital contributions to his business from monies she received from liquidating her premarital stock (see Kim v Schiller, 112 AD3d 671, 674).
However, we disagree with the Supreme Court's calculations in determining each party's equity in the marital residence. The court, in effect, awarded the plaintiff a double credit for the $66,952.97 loan to the defendant's business from the HELOC. In addition to awarding the plaintiff a $66,952.97 credit toward the defendant's share of the equity in the marital residence, based on the court's method used to calculate the equity in the marital residence, the defendant was already being held responsible for part of the balance owed on the HELOC. In determining the net equity of the marital residence, the court should have deducted a combined mortgage and HELOC balance of only $254,048, rather than $321,000, from the $545,000 value of the marital residence, to arrive at a net equity of $290,952. By including the $66,952 in the combined mortgage and HELOC balance when determining the net equity, the court double counted when it also deducted $66,952 from the defendant's share of the net equity. Moreover, in awarding the plaintiff a $50,000 separate property credit for premarital funds used to purchase the marital residence, the court should have deducted $50,000 from the net equity of $290,592, to arrive at a net equity of $240,952. Thus, the defendant's one-half share of the equity in the marital residence is the sum of $120,476. After applying credits in the sum of $143,826 owed to the plaintiff toward the defendant's share of the equity in the marital residence, and awarding title of the marital residence to the plaintiff, the balance owed to the plaintiff is the sum of $23,350, not $81,829.15 as was determined by the court. Therefore, we modify the judgment accordingly.
The defendant argues that the Supreme Court's maintenance award of $100 per week for a period of 260 weeks should be vacated, as the plaintiff is not entitled to maintenance. The defendant also contends that the court erred in failing to consider the plaintiff's $440,000 inheritance, of which $320,000 remained. "While the amount and duration of maintenance is a [*3]matter committed to the sound discretion of the trial court, this Court's authority in determining the issues of maintenance is as broad as that of the trial court" (DiNozzi v DiNozzi, 74 AD3d 866, 867 [citation omitted]). "Where, as here, an action was commenced prior to the amendments to the Domestic Relations Law effective January 23, 2016 (see L 2015, ch 269, § 4), the factors to be considered include the standard of living of the parties, the income and property of the parties, the distribution of property, the duration of the marriage, the health of the parties, the present and future earning capacity of the parties, the ability of the party seeking maintenance to be self-supporting, the reduced or lost earning capacity of the party seeking maintenance, and the presence of children of the marriage in the respective homes of the parties'" (Candea v Candea, 173 AD3d 663, 665, quoting Gordon v Gordon, 113 AD3d 654, 655; see Domestic Relations Law former § 236[B][6][a]). Here, the court should have considered the plaintiff's inheritance in the sum of $320,000 in determining the issue of maintenance (see Culen v Culen, 157 AD3d 926, 929). Nevertheless, the maintenance award of $100 per week for a period of 260 weeks was not an improvident exercise of discretion in light of the relevant factors, including the length of the marriage and the incomes of the parties (see Strohli v Strohli, 174 AD3d 938, 943). However, the court should have included a provision that the award of maintenance of $100 per week for a period of 260 weeks was for that duration or until the death of either party or the plaintiff's remarriage, whichever shall occur sooner (see Domestic Relations Law § 236[B][1][a]; Strohli v Strohli, 174 AD3d at 943).
The defendant contends that the Supreme Court erred in determining the amount of his child support obligation based on the Child Support Standards Act (hereinafter CSSA) guidelines, as the parties have shared custody of the children, and that the parties should split all child support obligations evenly. The CSSA "sets forth a formula for calculating child support by applying a designated statutory percentage, based upon the number of children to be supported, to combined parental income up to a particular ceiling" (Matter of Murray v Murray, 164 AD3d 1451, 1453 [internal quotation marks omitted]). "Where the combined parental income exceeds that ceiling, the court, in fixing the basic child support obligation on income over the ceiling, has the discretion to apply the factors set forth in Domestic Relations Law § 240(1-b)(f), or to apply the statutory percentages, or to apply both" (Candea v Candea, 173 AD3d at 664; see Domestic Relations Law § 240[1-b][c][3]; Matter of Cassano v Cassano, 85 NY2d 649, 655). In Bast v Rossoff (91 NY2d 723, 728), the Court of Appeals held that the CSSA was applicable to shared custody arrangements. The CSSA is also applicable to situations where each party has equal custodial time with the children (see Baraby v Baraby, 250 AD2d 201, 204). In cases where custody is shared equally, the parent having the greater share of the support obligation after applying the statutory formula is identified as the "noncustodial" parent for the purposes of support (see id. at 204). However, if the statutory formula "yields a result that is unjust or inappropriate," the court "can resort to the paragraph (f)' factors and order payment of an amount that is just and appropriate" (Bast v Rossoff, 91 NY2d at 729, citing Domestic Relations Law § 240[1-b][f], [g]; see Baraby v Baraby, 250 AD2d at 204). Here, the court appropriately applied the CSSA to determine the award of child support, and we find no basis to disturb the court's determination.
The defendant's remaining contentions are without merit.
CHAMBERS, J.P., ROMAN, COHEN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court