◼ In the Matter of DANIEL LUIZZI, Appellant, v SUSAN COLLINS, Respondent. [812 NYS2d 379]—In a child custody proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Suffolk County (Sweeney, J.), entered March 31, 2005, which, after a hearing, dismissed his petition for a change of custody of the parties' children.

Ordered that the order is reversed, on the law, the facts, and as an exercise of discretion, without costs or disbursements, and the matter is remitted to the Family Court, Suffolk County, for a new hearing and determination on the issue of custody, in connection with which the Family Court shall interview the subject children in camera; and it is further,

Ordered that pending the new determination as to custody, the subject children shall continue to reside with the mother, and the present visitation rights of the father shall remain in effect.

In determining custody, the most important factor to be considered is the best interests of the child (see Domestic Relations Law § 70; *Eschbach v Eschbach,* 56 NY2d 167 [1982]; *Friederwitzer v Friederwitzer,* 55 NY2d 89 [1982]). Generally, custody determinations are within the discretion of the hearing court. However, the authority of this Court is as broad as that of the hearing court, and a custody determination should be set aside if it lacks a sound and substantial basis in the record (see *Matter of Acosta v Acosta,* 259 AD2d 747 [1999]). Under the circumstances of this case, the Family Court's custody determination lacks a sound and substantial basis in the record. Accordingly, we remit the matter for a new hearing and determination on the issue of custody, in connection with which the Family

Court shall interview the subject children in camera (*see Matter of Lincoln v Lincoln,* 24 NY2d 270, 273-274 [1969]). The Family Court should also determine whether to conduct forensic evaluations of the parties and the children. Miller, J.P., Crane, Luciano and Rivera, JJ., concur.