In the Matter of DANA H., Appellant, v JAMES Y., Respondent. [932 NYS2d 517]—

On a prior appeal, this Court affirmed those portions of an or-

der of the Family Court, dated June 23, 2008, which, after an extensive hearing on the parties' separate petitions for custody of their two children, (a) awarded sole custody of the children to the mother, who had moved to South Carolina, provided that she live in New York within 30 miles of the father's home, by January 1, 2009, and (b) provided that if the mother did not return to New York by January 1, 2009, the parties were to have joint custody, with the father to retain residential custody and the mother to have final decision-making authority concerning the children's welfare, education, medical, and mental health issues (see Matter of Yasus v Yasus, 69 AD3d 738 [2010]). The mother did not relocate to New York and, therefore, the father retained residential custody of the children.

On April 16, 2010, the mother filed a petition to modify the June 23, 2008, order so as to award sole legal and residential custody to her, alleging, as a change in circumstances, that the children were performing poorly in school and had been suspended from school for behavioral issues. The Attorney for the Children moved to dismiss the petition, and the father supported that motion, submitting copies of the children's most recent report cards, which established that, in fact, the children were doing fairly well in school. In opposition to the motion to dismiss her petition, the mother further argued that the emotional health of the children was deteriorating in the father's custody, and she submitted, inter alia, reports of evaluations of the children, which concluded that the children had some psychological issues. In an order dated August 4, 2010, the Family Court properly granted the motion to dismiss the mother's April 16, 2010, petition, without a hearing.

To modify an existing custody arrangement, there must be a showing of a change in circumstances subsequent to the initial determination that requires modification to protect the best interests of the children (see Matter of Fallarino v Ayala, 41 AD3d 714 [2007]). A noncustodial parent seeking a change in custody is not automatically entitled to a hearing, but must make some evidentiary showing of a change in circumstances sufficient to warrant a hearing (see Matter of Bauman v Abbate, 48 AD3d 679, 680 [2008]; Matter of Hongach v Hongach, 44 AD3d 664 [2007]).

Here, the father submitted evidentiary proof refuting the mother's allegation that the children were performing poorly in school. Moreover, to the extent that the children may have had some behavioral problems at school and psychological issues, we agree with the Family Court that this was not a change in circumstances, as the evidence from the original custody hearing

established that they had behavioral and psychological issues when the June 23, 2008, custody order was issued. While the children's in-school suspensions for serious incidents involving threatening violence was new, we agree with the Family Court that these incidents were simply recent manifestations of problems that had existed at the time of the original custody trial, and not a change in circumstances.

Thereafter, by petition dated November 1, 2010, the mother alleged that the father willfully violated certain provisions of the June 23, 2008, order by failing to consult her about a change in the dosage of their daughter's medication and by administering the changed dosage over the mother's objection. By petition dated November 3, 2010, the mother sought, once again, to modify the June 23, 2008, order so as to award her sole legal and residential custody of the children. The mother alleged, as a change in circumstances, inter alia, that their daughter had been hospitalized in a psychiatric ward for suicidal ideation, and their son had been cutting himself and had not been attending therapy on a regular basis. These allegations were not disputed by the father. In an order dated November 18, 2010, however, the Family Court, in effect, dismissed the petition dated November 1, 2010, and dismissed the petition dated November 3, 2010, for failure to state a cause of action and "for furtherance of justice," without conducting a hearing and setting forth the reasoning for those determinations. This was error.

On the record before us, under the circumstances of this case, the mother is entitled to a hearing on the November 1, 2010, violation petition, and the November 3, 2010, modification petition (*see generally Eschbach v Eschbach*, 56 NY2d 167 [1982]). Accordingly, those petitions must be reinstated, and the matter remitted to the Family Court, Nassau County, for a hearing, and thereafter, new determinations of those petitions. Dillon, J.P., Balkin, Eng and Cohen, JJ., concur.