■ In the Matter of MIGUEL BUSTAMANTE, Appellant, v LISA LARGUE, Formerly Known as LISA BUSTAMANTE, Respondent. (Proceeding No. 1.) In the Matter of MIGUEL BUSTAMANTE, Appellant, v LISA LARGUE, Respondent. (Proceeding No. 2.) In the Matter of MIGUEL MAURICIO BUSTAMANTE, Appellant, v LISA ANNE BUSTAMANTE, Respondent. MATTHEW BUSTAMANTE et al., Nonparty Appellants. (Proceeding No. 3.) [977 NYS2d 347]—

In two related family offense proceedings pursuant to Family Court Act article 8 and a related custody proceeding pursuant to Family Court Act article 6, the father appeals (1) from an order of the Family Court, Westchester County (Cerrato, J.), dated May 2, 2012, which, after a hearing, dismissed his family offense petition dated October 13, 2010, and denied his petition for residential custody of the parties' children, (2) from an order of the same court dated May 30, 2012, which dismissed his family offense petition dated May 25, 2012, and (3), as limited by his brief, from so much of a resettled order of the same court dated July 13, 2012, as, upon granting the mother's motion to resettle the May 2, 2012, order, dismissed his family offense petition dated October 13, 2010, and denied his petition for residential custody of the parties' children and awarded the mother residential custody of the children, and the subject children appeal, as limited by their brief, from so much of the resettled order dated July 13, 2012, as awarded the mother residential custody of them.

Ordered that the appeal from the order dated May 2, 2012, is dismissed, without costs or disbursements, as that order was superseded by the resettled order dated July 13, 2012; and it is further,

Ordered that the order dated May 30, 2012, is affirmed, without costs or disbursements; and it is further,

Ordered that the resettled order dated July 13, 2012, is modified, on the facts, by deleting the provision thereof denying the father's petition for residential custody of the parties' children and awarding the mother residential custody of the children, and substituting therefor a provision granting the father's petition for residential custody of the parties' children; as so modified, the resettled order dated July 13, 2012, is affirmed insofar as appealed from, without costs or disbursements.

The parties are the divorced parents of fraternal twin boys, who are now 14 years old. The parties previously shared joint legal custody, with the mother having residential custody, based

on an order entered on their consent. The father was awarded temporary residential custody after he filed a family offense petition dated October 13, 2010, against the mother on behalf of the children and a petition seeking to change residential custody to him.

In an order dated May 2, 2012, entered after a fact-finding hearing on both of the father's petitions, the family offense petition was dismissed, the petition seeking a change of custody was denied, and residential custody was returned to the mother. Thereafter, the father filed another family offense petition, dated May 25, 2012, against the mother on behalf of the children, which was dismissed without a hearing in an order dated May 30, 2012. The father appeals from the dismissal of his October 13, 2010, and May 25, 2012, family offense petitions, and the denial of his petition for residential custody of the children, and the children appeal from so much of the resettled order as returned residential custody to the mother. By decision and order of this Court dated July 6, 2012, the father's motion to stay so much of the May 2, 2012, order as returned residential custody of the children to the mother was granted.

The father's October 13, 2010, family offense petition against the mother on behalf of the children was properly dismissed, since, to the extent that it alleged facts which could support a finding that the mother committed a family offense, the evidence adduced at the fact-finding hearing did not establish the commission of such offense by a fair preponderance of the evidence (*see Matter of James A.-S. v Cassandra A.-S.*, 107 AD3d 703, 706 [2013]; *Matter of Pearlman v Pearlman*, 78 AD3d 711, 712 [2010]). The father's May 25, 2012, family offense petition also was properly dismissed, without a hearing, since, to the extent that it alleged new facts, it did not allege conduct which would constitute a family offense committed by the mother against the children (*see Matter of Ozdemir v Riley*, 101 AD3d 884, 885 [2012]).

Contrary to the finding of the Family Court, the father demonstrated that there was a change in circumstances since the March 24, 2005, order awarding the mother residential custody, which was entered on consent of the parties (*see Matter of Selliah v Penamente*, 107 AD3d 1004 [2013]). The evidence clearly demonstrated that the parties' relationship had deteriorated to the point that they did not speak to each other, one of the children had moved in with the father even before the father was awarded temporary custody, and the father was concerned that the mother had become involved in a relationship that would have a negative impact on the children (*see Matter of Aaron W. v Shannon W.*, 96 AD3d 960, 961 [2012]).

Moreover, while mindful of the hearing court's advantage in being able to observe the demeanor and assess the credibility of witnesses, we must set aside the determination to award the mother residential custody of the children, as it lacks a sound and substantial basis in the record (*see Matter of James A.-S. v Cassandra A.-S.*, 107 AD3d at 706). Our evaluation of the totality of the circumstances to determine the best interests of the children leads us to conclude that the father's petition for residential custody of the children should have been granted (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]). Balkin, J.P., Lott, Austin and Miller, JJ., concur.