■ In the Matter of RAYMOND KLOTZ, Appellant, v MADELINE O'CONNOR, Respondent. [1 NYS3d 352]—

Appeal from an order of the Family Court, Suffolk County (David Freundlich, J.), dated January 7, 2014. The order, in effect, dismissed, without a hearing, the father's petition to modify the custody provisions set forth in a stipulation of settlement between the parties, and to hold the mother in contempt for violating the custody provisions set forth in that stipulation.

Ordered that the order is reversed, on the law, with costs, the petition is reinstated, and the matter is remitted to the Family Court, Suffolk County, for further proceedings consistent herewith.

The parties, who were married and have three children together, were divorced by a judgment dated May 14, 2012. A stipulation of settlement, which was incorporated but not merged in the judgment of divorce, set forth the custodial arrangements for the three children. Subsequently, the father filed a petition to modify the custody provisions and to hold the mother in contempt for violating the custody provisions of the stipulation of settlement. The Family Court, in effect, dismissed the father's petition without a hearing on the ground that he had failed to set forth a change in circumstances sufficient to justify modifying the custody arrangements and failed to make sufficient allegations that would warrant holding the mother in contempt. The father appeals.

A party seeking the modification of an existing court-sanctioned child custody arrangement has the burden of demonstrating that circumstances have changed since the initial

custody determination to the extent that modification is necessary to insure the child's best interests (*see Matter of Thomson v Battle*, 99 AD3d 804, 806 [2012]; *Matter of Nava v Kinsler*, 85 AD3d 1186, 1186 [2011]). Moreover, to be entitled to a hearing on a modification petition, the party seeking modification must make an evidentiary showing of a sufficient change in circumstances (*see Anonymous 2011-1 v Anonymous 2011-2*, 102 AD3d 640, 641 [2013]; *Matter of Dana H. v James Y.*, 89 AD3d 844, 845 [2011]; *Matter of Leichter-Kessler v Kessler*, 71 AD3d 1148, 1149 [2010]).

Here, the father's petition contained sufficient specific allegations to warrant a hearing on the modification issue, including that the parents' ability to cooperate with each other with respect to the children had deteriorated so seriously that the children were being harmed (*see Matter of Bustamante v Largue*, 112 AD3d 819, 820 [2013]; *Anonymous 2011-1 v Anonymous 2011-2*, 102 AD3d at 641-642; *Matter of Nikki O. v William N.*, 64 AD3d 938, 939 [2009]). Accordingly, the Family Court erred in, in effect, dismissing, without a hearing, that branch of the father's petition which was to modify the custody provisions of the stipulation of settlement (*see Matter of Freedman v Horike*, 107 AD3d 1332, 1333-1334 [2013]; *Matter of Schnock v Sexton*, 101 AD3d 1437, 1437-1438 [2012]; *Matter of Zelodius C. v Danny L.*, 39 AD3d 320, 320 [2007]).

Further, contrary to the Family Court's determination, a hearing was also required to address that branch of the father's petition which was to hold the mother in civil contempt for violating the custody provisions of the stipulation of settlement. The father made sufficient allegations that the mother violated a clear and unequivocal court mandate of which she was actually aware, and that he was prejudiced by the alleged violation (*see Matter of Figueroa-Rolon v Torres*, 121 AD3d 684, 685 [2014]; *see generally El-Dehdan v El-Dehdan*, 114 AD3d 4, 17 [2013]). In opposition, however, the mother raised factual issues that could not be resolved without a hearing (*see McGrath v McGrath*, 85 AD3d 742, 743 [2011]; *Coyle v Coyle*, 63 AD3d 657, 658 [2009]). Balkin, J.P., Dickerson, Sgroi and Cohen, JJ., concur.