In the Matter of Cristofer A. Boyke, Respondent, v Analeah Charles, Appellant. [4 NYS3d 248]—

Appeals from (1) an order of the Family Court, Queens County (Dennis Lebwohl, J.), dated February 10, 2014, and (2) an order of that court dated March 24, 2014. The order dated February 10, 2014, insofar as appealed from, granted the father's motion for summary judgment on his petition to modify a prior order of that court (Terrence C. O'Connor, J.) dated October 8, 2009, so as to award him sole custody of the subject

child, and denied those branches of the mother's cross motion which were for visitation with the child and to dismiss the father's petition for lack of subject matter jurisdiction. The order dated March 24, 2014, inter alia, denied that branch of the mother's motion which was to direct the child to advise her whether he wishes to speak with her by telephone.

Ordered that the order dated February 10, 2014, is modified, on the law, by deleting the provisions thereof granting the father's motion for summary judgment and denying that branch of the mother's cross motion which was for visitation with the subject child, and substituting therefor a provision denying the father's motion for summary judgment; as so modified, that order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Family Court, Queens County, for further proceedings in accordance herewith; and it is further,

Ordered that the order dated March 24, 2014, is affirmed, without costs or disbursements.

Cristofer A. Boyke (hereinafter the father) and Analeah Charles (hereinafter the mother) are the parents of the subject child. In 2007, the father and the mother each petitioned for sole custody of the child. In an order dated October 8, 2009, the Family Court awarded sole custody of the child to the mother. In April 2012, the father commenced a family offense proceeding, alleging that the mother had physically abused the child. In addition, he commenced a proceeding to modify the order dated October 8, 2009, so as to award him sole custody of the child. Following a fact-finding hearing on the family offense petition, the Family Court found that the mother committed certain family offenses, including assault in the third degree, and issued an order of protection remaining in effect until and including January 23, 2016, directing the mother, inter alia, to stay away from the child. In a decision and order on a prior appeal, this Court reversed the order of protection, dismissed the branch of the family offense petition alleging that the mother committed the family offense of assault in the third degree, and remitted the matter to the Family Court, Queens County, for a new hearing and determination of the remaining branches of the petition (see Matter of Spooner-Boyke v Charles, 121 AD3d 1120 [2014]).

While the appeal from the order of protection was pending, the father moved for summary judgment on his modification petition, asserting that he should be awarded sole custody of the child in light of the order of protection issued against the mother. The mother cross-moved, inter alia, for visitation with

the child and to dismiss the petition for lack of subject matter jurisdiction. In an order dated February 10, 2014, the Family Court, among other things, granted the father's motion for summary judgment and denied those branches of the mother's cross motion which were for visitation and to dismiss the petition.

Since the order of protection, which served as the basis for the father's motion for summary judgment, was reversed on a prior appeal, the record before us is no longer sufficient to determine what custodial arrangement is in the child's best interests (*see Gillis v Gillis*, 113 AD3d 816, 817 [2014]; *Matter of Chow v Holmes*, 63 AD3d 925, 926 [2009]; *Matter of Antonette Alasha E.*, 8 AD3d 375, 376 [2004]). Moreover, in light of controverted allegations, it cannot be concluded that the Family Court possessed sufficient information to render an informed determination as to the best interests of the child without the benefit of an evidentiary hearing (*see Matter of Mandal v Mandal*, 113 AD3d 769 [2014]; *Matter of Peek v Peek*, 79 AD3d 753, 754 [2010]; *Cieri v Cieri*, 56 AD3d 409 [2008]). Accordingly, in light of subsequent developments not then before the court, the father's summary judgment motion should be denied, and the matter should be remitted for a hearing on the issues of custody and visitation, and new determinations of those issues thereafter.

The mother's remaining contentions are without merit.

Accordingly, we remit the matter to the Family Court, Queens County, for an evidentiary hearing on the issues of custody and visitation, and a new determination thereafter of the father's modification petition and that branch of the mother's cross motion which was for visitation (*see Matter of Mandal v Mandal*, 113 AD3d at 771). The Family Court should also determine whether to conduct a forensic evaluation (*see Matter of Luizzi v Collins*, 28 AD3d 666, 667 [2006]). Rivera, J.P., Balkin, Hall and Sgroi, JJ., concur.