■ In the Matter of LISA RUIZ, Appellant, v PETER J. SCIALLO, Respondent. [7 NYS3d 511]—

Appeal from an order of the Family Court, Westchester County (Michelle I. Schauer, J.), entered July 16, 2014. The order, without a hearing, granted the father's motion to dismiss the mother's petition, inter alia, to modify the custody provisions of a stipulation of settlement dated November 21, 2012, and to hold the father in contempt for the willful violation of that stipulation.

Ordered that the order is reversed, on the facts and in the exercise of discretion, without costs or disbursements, the father's motion to dismiss the mother's petition is denied, the mother's petition is reinstated, and the matter is remitted to the Family Court, Westchester County, for a hearing in accordance herewith and a new determination of the mother's petition thereafter.

By stipulation of settlement dated November 21, 2012, the parties agreed that the father would have sole legal and physical custody of the subject child, with visitation to the mother. In June 2013, the father petitioned to suspend the mother's unsupervised visitation, and the mother petitioned, inter alia, to modify the custody provisions of the stipulation and to hold the father in contempt for violating the visitation provisions of the agreement. The Family Court, without a hearing, granted the father's motion to dismiss the mother's petition.

Modification of an existing court-sanctioned custody agreement is permissible only upon a showing that there has been a change in circumstances such that modification is necessary to ensure the best interests of the child (see Matter of Halioris v Halioris, 126 AD3d 973 [2015]; Matter of Hillord v Davis, 123 AD3d 1126 [2014]). The best interests of the child are determined by a review of the totality of the circumstances (see Eschbach v Eschbach, 56 NY2d 167, 171 [1982]). "A parent seeking a change of custody is not automatically entitled to a hearing but must make some evidentiary showing of a change in circumstances sufficient to warrant a hearing" (Matter of Gurewich v Gurewich, 58 AD3d 628, 629 [2009]; see Matter of Klotz v O'Connor, 124 AD3d 662, 663 [2015]).

Here, the mother established a sufficient change of circumstances warranting a hearing by alleging that the father willfully interfered with her visitation rights. "Willful interference with a noncustodial parent's right to visitation is so inconsistent with the best interests of the children as to, per se, raise a strong probability that the offending party is unfit to act as a custodial parent" (Matter of Joosten v Joosten, 282 AD2d 748,

748 [2001] [internal quotation marks and brackets omitted]). Furthermore, the parties' submissions contained sharply conflicting allegations against each other. "The law is well settled that, as a general rule, it is error as a matter of law to make an order respecting custody based upon controverted allegations without the benefit of a full hearing" (*Matter of Khan v Dolly*, 6 AD3d 437, 439 [2004]).

"A hearing is not necessary, however, where the court possesses adequate relevant information to make an informed determination of the children's best interests" (*Matter of Johnson v Alaji*, 74 AD3d 1202, 1202 [2010]). Here, while the Family Court presided over prior custody proceedings between the parties, since those proceedings resulted in a stipulation of settlement that was entered into prior to the completion of testimony, and in light of the parties' controverted allegations, the court did not possess sufficient information to make an informed determination with respect to the best interests of the child (*see Matter of Boyke v Charles*, 125 AD3d 854 [2015]). Additionally, the issue of the father's alleged contempt also should have been resolved by a hearing, since a factual dispute existed as to whether the father denied the mother access in violation of the terms of the parties' stipulation which could not be resolved on the papers alone (*see Matter of Jean v Washington*, 71 AD3d 1145 [2010]).

Therefore, we remit this matter to the Family Court, Westchester County, for a hearing to determine whether a modification of custody is in the best interests of the subject child and any necessary ancillary issues regarding visitation, whether to hold the father in contempt for his alleged willful violation of the stipulation of settlement, and the remaining issues raised by the mother's petition. Dillon, J.P., Dickerson, Hall and LaSalle, JJ., concur.