■ In the Matter of JIMMIE FIELDER, Respondent, v LAURA FIELDER, Appellant. [27 NYS3d 655]—

Appeal from an order of the Family Court, Kings County (William Franc Perry, J.), dated March 2, 2015. The order, insofar as appealed from, without a hearing, granted that branch of the father's motion which was to modify a prior order of custody and visitation so as to, inter alia, award him custody of the parties' two youngest children.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Kings County, for further proceedings in accordance herewith.

In a stipulation of settlement incorporated into the parties'

judgment of divorce, the parties were given joint legal custody of their three children, with physical custody to the mother. A schedule of visitation for the father was included in the stipulation of settlement. Since the entry of the judgment of divorce in 2008, there have been various proceedings with respect to custody and visitation. In the father's most recent motion, which was filed shortly after the parties' oldest child turned 18, the father sought to modify the existing custody and visitation provisions. In the order appealed from, the Family Court awarded the father custody of the parties' two youngest children, with visitation to the mother. The Family Court, however, did not hold a hearing with respect to the father's allegations, which the mother disputed. In addition, the court did not obtain forensic evaluations of the parties or children, did not conduct in camera interviews with the children, and did not make any findings of fact with respect to its determination.

"Modification of an existing court-sanctioned custody agreement is permissible only upon a showing that there has been a change in circumstances such that modification is necessary to ensure the best interests of the child" (*Matter of Ruiz v Sciallo*, 127 AD3d 1205, 1206 [2015]; *see Matter of Halioris v Halioris*, 126 AD3d 973, 975 [2015]). When the allegations of fact in a petition to change custody are controverted, the court must, as a general rule, hold a full hearing (*see Matter of Ruiz v Sciallo*, 127 AD3d at 1207; *Matter of Khan v Dolly*, 6 AD3d 437, 439 [2004]). A hearing may not be necessary, however, when the Family Court already "possesses adequate relevant information to make an informed determination of the children's best interests" (*Matter of Johnson v Alaji*, 74 AD3d 1202, 1202 [2010]; *see Matter of Ruiz v Sciallo*, 127 AD3d at 1207). Here, the record does not demonstrate that the Family Court had an adequate basis for determining the petition without a hearing (*see Matter of Mandal v Mandal*, 113 AD3d 769, 770 [2014]). Accordingly, we remit the matter to the Family Court, Kings County, for a new determination of the father's petition following a full hearing, including in camera interviews with the parties' two youngest children, and, if necessary, forensic evaluations (*see Matter of Ruiz v Sciallo*, 127 AD3d at 1207; *Matter of Odeh v Assad*, 74 AD3d 1345, 1347 [2010]). Balkin, J.P., Roman, Cohen and Hinds-Radix, JJ., concur.