◾ In the Matter of SHEILA D. SCOTT, Respondent, v BINTELL A. POWELL, Appellant. (Proceeding No. 1.) In the Matter of BINTELL A. POWELL, Appellant, v SHEILA D. SCOTT, Respondent. (Proceeding No. 2.) [45 NYS3d 557]—

Appeals by the father from two orders of the Family Court, Nassau County (Thomas A. Rademaker, J.), both dated April 28, 2015. The first order dismissed, without a hearing, the father's cross petition, in effect, to modify a prior corrected order of custody and visitation of that court (Elaine Jackson Stack, J.H.O.) dated August 17, 2012. The second order dismissed, without a hearing, the father's petition alleging that the mother had violated the corrected order of custody and visitation dated August 17, 2012.

Ordered that the orders dated April 28, 2015, are affirmed, without costs or disbursements.

The parties are the divorced parents of one child. On November 2, 2011, the Family Court, characterizing both parties as "serial filers," entered an order pursuant to *Matter of Shreve v Shreve* (229 AD2d 1005 [1996]) enjoining them from filing "any new petition involving a custody or visitation proceeding without prior consent of the court."

In a corrected order of custody and visitation dated August 17, 2012 (hereinafter the custody and visitation order), the mother was awarded residential custody of the child, and the father was awarded visitation.

Thereafter, the father filed petitions on August 20, 2012, October 13, 2012, February 20, 2013, and May 8, 2013, alleging that the mother had violated the custody and visitation order, and the mother filed a petition on March 25, 2013, seeking a modification of that order. The petitions were consolidated, and after a hearing, the Family Court denied all of the petitions on the merits. On March 6, 2014, the father filed a petition to modify the custody and visitation order. The petition was dismissed on December 8, 2014, after the father failed to appear in court.

On November 10, 2014, the mother filed another petition to modify the custody and visitation order, and on March 26, 2015, the father opposed the mother's petition and cross-petitioned, in effect, to modify that order. Five days later, on March 31,

2015, the father filed a petition alleging that the mother had violated the custody and visitation order. After a conference held on April 28, 2015, the Family Court, without a hearing, denied the mother's petition and the father's cross petition and violation petition. The court found that neither the mother's petition nor the father's cross petition alleged any change in circumstances warranting a modification of the custody and visitation order. The court dismissed the father's violation petition due to his failure to seek permission to file pursuant to the order dated November 2, 2011. The father appeals from the denial of his modification cross petition and violation petition.

Under the circumstances presented, the Family Court providently exercised its discretion in denying, without a hearing, the father's cross petition to modify the custody and visitation order. The father's cross petition did not involve an initial custody determination, which, as a general matter, "should be rendered only after a full and plenary hearing" (*S.L. v J.R.*, 27 NY3d 558, 564 [2016]) because neither parent has a prima facie right to custody (*see* Domestic Relations Law § 70 [a]) and the court is required to make every effort to determine what is in the best interests of the child (*see S.L. v J.R.*, 27 NY3d at 562). Where, as here, the petition seeks modification of a custody order, entitlement to a hearing is more circumscribed because the initial custody determination has already been made, and the burden is on the party seeking modification to make, at the outset, an evidentiary showing of a sufficient change in circumstances (*see Matter of Klotz v O'Connor*, 124 AD3d 662, 663 [2015]). Of course, as a general rule, custody should not be changed without the benefit of a full hearing (*see S.L. v J.R.*, 27 NY3d 558 [2016]; *Matter of Ruiz v Sciallo*, 127 AD3d 1205, 1207 [2015]), but if the facts alleged in the modification petition are insufficient to meet the threshold evidentiary showing of a change in circumstances, there is no reason why the Family Court should be required to hold a hearing before dismissing the petition (*see Matter of Paulino v Thompson*, 145 AD3d 726 [2d Dept 2016]; *Matter of Castagnini v Hyman-Hunt*, 123 AD3d 926 [2014]).

Here, the matters raised in the father's cross petition were not new, but were based on facts and events pre-dating one or more of his prior petitions, most of which had previously been brought to the Family Court's attention. To the very limited extent that the cross petition contained any new, recent allegations regarding the mother's "coaching" the child to end telephone conversations with the father, or "forcing" the child to use a particular phone to call the father, those allegations

were based on substantially similar conduct raised in the father's previous petitions and, therefore, did not constitute a change in circumstances. Accordingly, the Family Court providently exercised its discretion in denying the father's cross petition without a hearing (*see Matter of Dana H. v James Y.*, 89 AD3d 844, 845-846 [2011]; *Matter of Bauman v Abbate*, 48 AD3d 679, 680 [2008]).

Moreover, the Family Court providently exercised its discretion in dismissing the father's separate violation petition. While public policy generally mandates free access to the courts (*see Matter of Pignataro v Davis*, 8 AD3d 487, 489 [2004]; *Sassower v Signorelli*, 99 AD2d 358, 359 [1984]), a party may forfeit that right if she or he abuses the judicial process by engaging in meritless litigation motivated by spite or ill will (*see Matter of Molinari v Tuthill*, 59 AD3d 722 [2009]; *Matter of Pignataro v Davis*, 8 AD3d at 489; *Matter of Shreve v Shreve*, 229 AD2d at 1006; *Sassower v Signorelli*, 99 AD2d at 359). Here, not only were both parties known to the court as "serial filers" who "commence [proceedings] by filing petitions on a continuous basis," the father also filed his violation petition a mere five days after his cross petition to modify the custody and visitation order, repeating many of the same allegations. Chambers, J.P., Hall, Maltese and Barros, JJ., concur.