■ In the Matter of MARYA JAHAIRA LAUREANO, Appellant, v MICHAEL WAGNER, Respondent. [49 NYS3d 630]—

Appeal by the mother from an order of the Family Court, Westchester County (Nilda Morales Horowitz, J.), dated December 29, 2015. The order, among other things, in effect, denied, without a hearing, the mother's petition to modify the custody provisions of the parties' judgment of divorce so as to award her sole custody of the subject child.

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Westchester County, for further proceedings in accordance herewith.

Pursuant to the parties' judgment of divorce dated February 20, 2008, the father was awarded sole custody of the subject child. In May 2015, the mother filed a petition to modify the custody provisions of the judgment of divorce so as to award her sole custody of the child. In an order dated December 29, 2015, the Family Court, among other things, in effect, denied, without a hearing, the mother's petition.

"Where modification of an existing custody order is sought, the petitioner must make a showing that there has been a change in circumstances such that modification is necessary to protect the best interests of the child" (*Matter of Pena v Lopez*, 140 AD3d 967, 968 [2016]). "When the allegations of fact in a petition to change custody are controverted, the court must, as a general rule, hold a full hearing" (*Matter of Fielder v Fielder*, 137 AD3d 1129, 1130 [2016]; *see S.L. v J.R.*, 27 NY3d 558, 564

[2016]). Here, the mother established her entitlement to a hearing by alleging, inter alia, that the father prevented her from visiting with or speaking to the child, and was attempting to alienate the child from her (see Matter of Ruiz v Sciallo, 127 AD3d 1205, 1206-1207 [2015]; Matter of Darla N. v Christine N., 289 AD2d 1012, 1012-1013 [2001]). Moreover, under the circumstances presented, the Family Court should have conducted an in camera interview of the child (see Matter of Fielder v Fielder, 137 AD3d at 1130).

In light of our determination, we need not reach the parties' remaining contentions.

Accordingly, we remit the matter to the Family Court, Westchester County, for a new determination of the mother's petition following a full hearing, including an in camera interview of the child. Balkin, J.P., Cohen, Miller and Brathwaite Nelson, JJ., concur.