Henrie v Henrie (2018 NY Slip Op 05450)





Henrie v Henrie


2018 NY Slip Op 05450


Decided on July 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SANDRA L. SGROI
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY, JJ.


2017-04466
 (Index No. 4965/14)

[*1]Marnie Henrie, respondent, 
v
Craig E. Henrie, appellant.


Meth Law Offices, P.C., Chester, NY (Evan D. Zucker of counsel), for appellant.
Sharon M. Kantrowitz, New City, NY, for respondent.
Kelli M. O'Brien, Goshen, NY, attorney for the children.



DECISION & ORDER
In a matrimonial action, the defendant appeals from an order of the Supreme Court, Orange County (Carol S. Klein, J.), dated February 17, 2017. The order, insofar as appealed from, without a hearing, in effect, denied that branch of the defendant's cross motion which was to modify the custody provisions of a stipulation of settlement dated November 5, 2015, so as to award him equal parental access.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff and the defendant are the parents of two children. They executed a stipulation of settlement on November 5, 2015, which was incorporated but not merged into a judgment of divorce dated December 4, 2015. The parties agreed in the stipulation that the plaintiff would have primary physical custody of the children. In September 2016, in response to a motion by the plaintiff, the defendant cross-moved, inter alia, to modify the custody provisions of the stipulation so as to award him equal parental access. The Supreme Court, without a hearing, in effect, denied the cross motion. The defendant appeals.
We agree with the Supreme Court's determination, in effect, denying, without a hearing, that branch of the defendant's cross motion which was to modify the custody provisions of the stipulation so as to award him equal parental access. In order to modify an existing court-sanctioned custody agreement, there must be a showing of a subsequent change in circumstances so that modification is required to protect the best interests of the child (see Gentile v Gentile, 149 AD3d 916; Matter of Ruiz v Sciallo, 127 AD3d 1205, 1206). A parent seeking a change of custody is not automatically entitled to a hearing. Rather, a parent must make some evidentiary showing of a change in circumstances demonstrating a need for a change of custody in order to insure the child's best interests (see Gentile v Gentile, 149 AD3d at 918; Matter of Scott v Powell, 146 AD3d 964, 965). Here, the defendant failed to make the requisite evidentiary showing of a change in circumstances sufficient to warrant a hearing (see Matter of Perez v Richmond, 148 AD3d 904; [*2]Matter of Scott v Powell, 146 AD3d 964; Matter of Ali v Hines, 125 AD3d 851; Matter of Dana H. v James Y., 89 AD3d 844).
CHAMBERS, J.P., SGROI, MALTESE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court