Matter of Peura v Peura (2019 NY Slip Op 01773)





Matter of Peura v Peura


2019 NY Slip Op 01773


Decided on March 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
JEFFREY A. COHEN
ANGELA G. IANNACCI, JJ.


2018-05300
 (Docket No. V-8439-15/17F)

[*1]In the Matter of Daniel Peura, appellant,
v
Sharon Peura, respondent.


Pascazi Law Offices PLLC, Fishkill, NY (Michael S. Pascazi of counsel), for appellant.
Carton & Rosoff, P.C., White Plains, NY (David M. Rosoff of counsel), for respondent.
Thea S. Beaver, Mamaroneck, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Westchester County (Nilda Morales Horowitz, J.), entered April 27, 2018. The order, insofar as appealed from, denied those branches of the father's motion which were to vacate a prior order of parental access of the same court dated November 18, 2016, and, upon vacating an order of the same court dated September 12, 2017, denied that branch of his petition which was for increased parental access.
ORDERED that the order entered April 27, 2018, is affirmed insofar as appealed from, without costs or disbursements.
The parties have one child together, now age 13. The mother has sole custody of the child. The Family Court issued an order dated June 16, 2015, providing for the father to have supervised parental access with the child weekly, or as recommended by the therapist for the child. The child's therapist ultimately recommended that no parental access take place.
In February 2016, the father commenced this proceeding to modify the June 16, 2015, order. The Family Court entered a final order of parental access "on consent," dated November 18, 2016. That order provided for the father to have one supervised meeting with the child. By petition dated March 13, 2017, the father once again sought increased parental access. By order dated September 12, 2017, which again stated that it was entered on consent, the court denied that petition. By notice of motion dated October 1, 2017, the father moved to vacate the orders dated November 18, 2016, and September 12, 2017, and, in effect, for a new determination of his March 13, 2017, petition for increased parental access.
By order entered April 27, 2018, the Family Court, inter alia, denied that branch of the father's motion which was to vacate the November 18, 2016, order. The court granted those branches of the motion which were to vacate the September 12, 2017, order and, in effect, for a new determination as to parental access. Upon vacating the September 12, 2017, order and considering the merits of the father's March 13, 2017, petition, the court denied that branch of the petition which was for increased parental access.
We agree with the Family Court's determination to deny that branch of the father's motion which was to vacate the November 18, 2016, order, as the father failed to establish that he had not consented to the entry of that order.
Further, the Family Court did not improvidently exercise its discretion in denying that branch of the father's petition which sought, upon vacatur of the September 12, 2017, order, increased parental access with the child. The paramount concern in any custody or parental access determination is the best interests of the child, under the totality of the circumstances (see Matter of Wilson v McGlinchey, 2 NY3d 375, 380-381; Eschbach v Eschbach, 56 NY2d 167, 171; Matter of Boggio v Boggio, 96 AD3d 834, 835). "The determination of [parental access for] a noncustodial parent is within the sound discretion of the hearing court, based upon the best interests of the [child], and it should not be set aside unless it lacks a sound and substantial basis in the record" (Matter of Dennis D. [Justesen], 83 AD3d 700, 702; see Matter of Spampinato v Mazza, 152 AD3d 525, 526). Where a parent seeks modification of an existing custody or parental access order, the "entitlement to a hearing is more circumscribed because the initial custody determination has already been made, and the burden is on the party seeking modification to make, at the outset, an evidentiary showing of a sufficient change in circumstances" (Matter of Scott v Powell, 146 AD3d 964, 965; see Matter of Klotz v O'Connor, 124 AD3d 662, 663).
Here, the allegations in the father's petition as to certain conduct by the mother were substantially similar to those made in prior petitions. The father did not otherwise allege any change in circumstances warranting a change in the parental access provisions of the existing order. In particular, the father failed to allege that he had addressed the behavioral issues that had resulted in the curtailment of his parental access rights.
Consequently, we agree with the Family Court's determination to deny, without a hearing,that branch of the father's petition which was for increased parental accesss (see Matter of Scott v Powell, 146 AD3d at 965; Matter of Klotz v O'Connor, 124 AD3d at 663).
RIVERA, J.P., AUSTIN, COHEN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court