Matter of Derwood G. v Daniel R. (2021 NY Slip Op 00231)





Matter of Derwood G. v Daniel R.


2021 NY Slip Op 00231


Decided on January 14, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 14, 2021

Before: Manzanet-Daniels, J.P., Gische, Kapnick, Singh, Mendez, JJ. 


Docket No. O-39151-19 Appeal No. 12861 Case No. 2020-00820 

[*1]In the Matter of Derwood G., Petitioner-Appellant,
v
Daniel R., Respondent-Respondent.


George E. Reed, Jr., White Plains, for appellant.
Andrew J. Baer, New York, for respondent.
Janet Neustaetter, The Children's Law Center, Brooklyn (Louise Feld of counsel), attorney for the child.



Order, Family Court, Bronx County (Ariel D. Chesler, J.), entered on or about December 27, 2019, which dismissed petitioner father's family offense petition seeking an order of protection on behalf of his minor child for failure to state a claim, unanimously affirmed, without costs.
The Family Court properly dismissed the father's petition without a hearing because, even reading the allegations liberally in favor of the father, he did not allege conduct committed by respondent, the mother's boyfriend, which would constitute a family offense against the subject child (see Matter of Bustamante v Largue, 112 AD3d 819, 820 [2d Dept 2013]). The Family Court did not improperly rely on hearsay, but took into account the representation of an Administration for Children's Services court liaison that an investigation concerning the father's allegations was unfounded, which provided additional assurance that the child was not at immediate risk of harm (see Matter of Loriann Q. v Frank R., 53 AD3d 735 [3d Dept 2008]).
The father was not denied due process as a result of the court assigning him an attorney during the second court appearance because the record shows that he clearly received the benefit of legal representation (see Matter of Fralix v Thornock, 9 AD3d 890 [4th Dept 2004]).
We have reviewed the father's remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 14, 2021