Majeed v Majeed (2021 NY Slip Op 03169)





Majeed v Majeed


2021 NY Slip Op 03169


Decided on May 19, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2020-05978
 (Index No. 50800/17)

[*1]Ibrahim Majeed, respondent,
v
Liliahn Majeed, appellant.


Cassin & Cassin LLP, New York, NY (Daniel B. Nottes of counsel), for appellant.
Berkman Bottger Newman & Schein LLP, New York, NY (John Teufel of counsel), for respondent.
Cheryl S. Solomon, Brooklyn, NY, attorney for the child.



DECISION & ORDER
In a matrimonial action, the defendant appeals from an order of the Supreme Court, Kings County (Eric I. Prus, J.), dated July 10, 2020. The order, insofar as appealed from, denied, without a hearing, that branch of the defendant's motion which was to modify the parties' agreement and stipulation of settlement dated August 1, 2019, so as to limit the plaintiff's parental access with the parties' child to alternate weekends.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
In this matrimonial action, the defendant moved, inter alia, to modify the parties' agreement and stipulation of settlement dated August 1, 2019 (hereinafter the agreement), so as to limit the plaintiff's parental access with the parties' child to alternate weekends. The Supreme Court denied that branch of the defendant's motion upon determining that she had failed to set forth a sufficient change in circumstances to warrant a hearing. The defendant appeals.
"'In order to modify an existing custody arrangement, there must be a showing of a subsequent change of circumstances so that modification is required to protect the best interests of the child'" (Matter of Gurewich v Gurewich, 58 AD3d 628, 629, quoting Matter of Fallarino v Ayala, 41 AD3d 714, 714; see Matter of Werner v Mazzenga, 174 AD3d 727, 728). "A party seeking a change in [parental access] or custody is not automatically entitled to a hearing, but must make an evidentiary showing sufficient to warrant a hearing" (Matter of Stones v VanDenberge, 167 AD3d 909, 909 [internal quotation marks omitted]; see Matter of Werner v Mazzenga, 174 AD3d at 728-729; Matter of Gurewich v Gurewich, 58 AD3d at 629). Here, the defendant failed to make an evidentiary showing of a change in circumstances between the time that the parties entered into the agreement and the filing of her motion. The unsubstantiated and conclusory allegations the defendant made in her motion papers were insufficient to warrant a hearing (see Matter of Feliciano v King, 160 AD3d 854).
Accordingly, the Supreme Court properly denied, without a hearing, that branch of [*2]the defendant's motion which was to modify the agreement so as to limit the plaintiff's parental access with the child to alternate weekends.
MILLER, J.P., LASALLE, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court