Matter of Rigali v Kogan (2022 NY Slip Op 02548)

Matter of Rigali v Kogan

2022 NY Slip Op 02548

Decided on April 20, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 20, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
SHERI S. ROMAN
LINDA CHRISTOPHER
WILLIAM G. FORD, JJ.

2020-06805
 (Docket Nos. V-01055-10/20K/19J/19I, V-01056-10/20K/19J/19I)

[*1]In the Matter of Anna D. Rigali, appellant,
v
Emil Kogan, respondent.

Christian P. Myrill, Jamaica, NY, for appellant.
Elliot Green, Brooklyn, NY, for respondent.
Catherine S. Bridge, Staten Island, NY, attorney for the child Charlotte K.
Jeffrey C. Bluth, New York, NY, attorney for the child Olivia K.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Supreme Court, Kings County (IDV Part) (Esther M. Morgenstern, J.), dated August 11, 2020. The order, insofar as appealed from, without a hearing, in effect, denied the mother's petition to modify a final order of custody and visitation of the same court dated October 15, 2015, so as to award her joint legal and sole residential custody of the parties' children, and modified the parental access provisions of the final order of custody and visitation.
ORDERED that the appeal from so much of the order dated August 11, 2020, as modified the parental access provisions of the final order of custody and visitation dated October 15, 2015, is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the order dated August 11, 2020, is affirmed insofar as reviewed, without costs or disbursements.
The mother and father have two children together born in January 2008 and August 2009. In a final order of custody and visitation dated October 15, 2015 (hereinafter the final order of custody and visitation), after a hearing, the father was awarded sole legal and residential custody of the parties' children, and the mother was awarded parental access. In a petition dated October 24, 2019, the mother sought to modify the final order of custody and visitation so as to award her joint legal and sole residential custody of the children. Since 2015 and prior thereto, the mother filed numerous petitions. During the proceedings, the Supreme Court directed that the Administration for Children's Services conduct a court-ordered investigation. In an order dated August 11, 2020, the court, without a hearing, inter alia, in effect, denied the mother's petition to modify the final order of custody and visitation so as to award her joint legal and sole residential custody of the children, and modified the parental access provisions of the final order of custody and visitation. The mother appeals.
So much of the appeal from the order as modified the parental access provisions of the final order of custody and visitation, has been rendered academic by a subsequent order of the Supreme Court (see Matter of Rigali v Kogan,____ AD3d ____ [Appellate Division Docket No. [*2]2021-05989; decided herewith]), and therefore, the appeal from that portion of the order must be dismissed (see Matter of Sanchez v Urrutia, 198 AD3d 974; Matter of McKeever v Sclafani, 194 AD3d 938, 939; Matter of Paoli v Paoli, 29 AD3d 804, 804-805).
"In order to modify an existing custody arrangement, there must be a showing of a subsequent change of circumstances so that modification is required to protect the best interests of the child[ren]" (Matter of Werner v Mazzenga, 174 AD3d 727, 728 [internal quotation marks omitted]; see Matter of Newton v McFarlane, 174 AD3d 67, 76). As a general matter, an initial custody determination should only be made after a full and plenary hearing, in order to determine the children's best interest (see Matter of Scott v Powell, 146 AD3d 964, 965). However, "[w]here, as here, the petition seeks modification of a custody order, entitlement to a hearing is more circumscribed because the initial custody determination has already been made, and the burden is on the party seeking modification to make, at the outset, an evidentiary showing of a sufficient change in circumstances" (id. at 965). Thus, "[w]hile courts must be vigilant to assure that children are fully protected and their best interests secured, courts must also consider, in the context of modification petitions, whether an appropriate basis for judicial intervention has been appropriately articulated" (Matter of Newton v McFarlane, 174 AD3d at 76).
In this case, the mother's unsubstantiated and conclusory allegations in support of her petition to modify the final order of custody and visitation so as to award her joint legal and sole residential custody of the children, were insufficient to warrant a hearing (see Majeed v Majeed, 194 AD3d 916, 917; Matter of Chichra v Chichra, 148 AD3d 883, 885).
The mother's remaining contention is without merit.
CONNOLLY, J.P., ROMAN, CHRISTOPHER and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court