Matter of Pedicini v Hull (2024 NY Slip Op 00076)

Matter of Pedicini v Hull

2024 NY Slip Op 00076

Decided on January 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
LILLIAN WAN
JANICE A. TAYLOR, JJ.

2023-03958
2023-05031
 (Docket No. V-4399-15/22E/22G)

[*1]In the Matter of Kira Pedicini, appellant,
v
Eric Hull, respondent.

Alex Smith, Middletown, NY, for appellant.
Geoffrey E. Chanin, Goshen, NY, for respondent.
Andrew W. Szczesniak, White Plains, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from two orders of the Family Court, Orange County (Timothy P. McElduff, Jr., J.), both dated April 17, 2023. The first order, without a hearing, dismissed the mother's petition to modify an order of same court (Lori Currier Woods, J.) entered January 24, 2017, so as to establish a parental access schedule. The second order, without a hearing, dismissed the mother's petition alleging a violation of the order entered January 24, 2017.
ORDERED that the orders dated April 17, 2023, are reversed, on the law and in the exercise of discretion, without costs or disbursements, the mother's petitions are reinstated, and the matter is remitted to the Family Court, Orange County, for a hearing in accordance herewith and a new determination thereafter of the mother's petitions.
The parties have one child in common, born in 2014. Pursuant to an order entered January 24, 2017 (hereinafter the consent order), made on consent of the parties, the mother and the father were awarded joint legal custody of the child, with primary physical custody to the father and parental access to the mother. Pursuant to the consent order, the mother's parental access time was subject to the parties' mutual agreement. In October 2022, the mother filed a petition to modify the consent order so as to establish a parental access schedule (hereinafter the modification petition). In November 2022, the mother filed a petition alleging a violation of the consent order on the basis, among other things, that the father had entirely cut off her parental access time with the child "for over a month" (hereinafter the violation petition). Thereafter, at a court appearance on the petitions, the father made oral applications to dismiss the petitions. The Family Court granted the father's applications and in two separate orders, both dated April 17, 2023, dismissed the mother's respective petitions, without a hearing. The mother appeals from both orders.
"Visitation is a joint right of the noncustodial parent and of the child" (Matter of Sarfati v DeJesus, 158 AD3d 807, 808 [internal quotation marks omitted]). "Absent extraordinary circumstances where visitation would be detrimental to the child's well-being, a noncustodial parent has a right to reasonable visitation privileges" (id. at 808 [internal quotation marks omitted]).
"In order to modify an existing custody arrangement, there must be a showing of a subsequent change in circumstances so that modification is required to protect the best interests of [*2]the children" (Matter of Liang v O'Brien, 216 AD3d 1101, 1101). "The required change in circumstances may be found to exist where the parties' relationship has deteriorated to a point where there is no meaningful communication or cooperation for the sake of the children" (id. at 1101).
"Although a parent seeking a change of custody is not automatically entitled to a hearing, custody determinations should generally be made only after a full and plenary hearing and inquiry" (Matter of Merchant v Caldwell, 198 AD3d 782, 783 [citation, alterations, and internal quotation marks omitted]; see Matter of Hom v Zullo, 6 AD3d 536). "This general rule furthers the substantial interest, shared by the State, the children, and the parents, in ensuring that custody proceedings generate a just and enduring result that, above all else, serves the best interest of a child" (Matter of Merchant v Caldwell, 198 AD3d at 783-784 [internal quotation marks omitted]). "Accordingly, when the allegations of fact in a petition to change custody are controverted, the court must, as a general rule, hold a full hearing" (id. at 784 [alterations and internal quotation marks omitted]; see Matter of Fielder v Fielder, 137 AD3d 1129, 1130).
Here, the Family Court improvidently exercised its discretion in dismissing, without a hearing, the modification petition and the violation petition. Although the court had apparently presided over prior custody proceedings between the parties, since those proceedings resulted in the consent order, and in light of the parties' controverted allegations, the court did not possess sufficient information to make an informed determination with respect to the best interests of the child (see Matter of Ruiz v Sciallo, 127 AD3d 1205, 1207). Moreover, a hearing was warranted to address the mother's allegations that the father was denying her right to parental access since a factual dispute exists as to whether the father denied the mother access in violation of the terms of the consent order (see Matter of Ruiz v Sciallo, 127 AD3d at 1207). Accordingly, we remit the matter to the Family Court, Orange County, for a new determination of the modification petition and the violation petition following a full hearing (see Matter of Merchant v Caldwell, 198 AD3d at 784; Matter of Fielder v Fielder, 137 AD3d at 1130).
DUFFY, J.P., WOOTEN, WAN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court